RICHARD CLIFTON ROSE v. EPLEY MOTOR SALES AND JEROME EPLEY

No. 98

(Filed 26 June 1975)

1. **Sales § 16; Uniform Commercial Code § 15— breach of warranty of merchantability — sufficiency of complaint**

    Plaintiff's complaint was sufficient to state a claim for relief for rescission of the sale of an automobile for breach of warranty of merchantability where it alleged a sale of an automobile by one engaged in that business, the making of an implied warranty that the automobile was "suitable for everyday use and transportation" (i.e., the normal use of such article) and that after only three hours of normal operation it was destroyed by a fire originating in the engine compartment, for which reason the plaintiff, with reasonable promptness, asserted to the defendant his right to rescind the sale.

2. **Uniform Commercial Code § 15— warranty of merchantability — car catching fire — sufficiency of evidence for jury**

    In an action to rescind the sale of an automobile on the ground of breach of implied warranty of merchantability, the trial court did

not err in the denial of defendant's motion for directed verdict where plaintiff's evidence tended to show that plaintiff purchased a used automobile from defendant dealer in such commodities, nothing whatever was said about a warranty of the condition of the car, nothing was done to the automobile after the sale which altered its condition, at all times following the sale plaintiff operated it in a normal and proper manner, three hours after the sale, while it was being so operated, it was totally destroyed by a fire originating in its motor compartment and on the following day plaintiff demanded rescission of the contract of sale, which demand the defendant refused, since it may reasonably be inferred from plaintiff's evidence that the vehicle was not in condition suitable for ordinary driving at the time of the sale; however, the trial court erred in granting plaintiff's motion for directed verdict since the evidence does not compel a finding that the defect which caused the fire existed at the time of the sale. G.S. 25-2-607(4).

3. **Uniform Commercial Code § 12— used car dealer as "merchant" — automobile as "goods"**

A used car dealer is a "merchant" as that term is defined in the Uniform Commercial Code, G.S. 25-2-104, and the term "goods" includes an automobile within the meaning of the Code. G.S. 25-2-105.

4. **Uniform Commercial Code § 20— revocation of acceptance**

The buyer who has accepted goods as performance of the seller's contract may revoke his acceptance when there is a nonconformity of the goods to the contract which substantially impairs their value to him, provided his failure to discover such nonconformity prior to the acceptance of the goods was reasonably induced by the difficulty of such discovery and he notifies the seller of such revocation within a reasonable time after he discovers, or should have discovered, the ground therefor and before any substantial change in the condition of the goods not caused by their own defects, G.S. 25-2-608; when the buyer justifiably revokes his acceptance of the goods, he may cancel the sale and recover the purchase price together with such other damages as may be justified. G.S. 25-2-608(3); G.S. 25-2-711.

5. **Rules of Civil Procedure § 50— directed verdict — party having burden of proof**

The trial judge may not direct a verdict in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses, even though the evidence is uncontradicted, the defendant's denial of an alleged fact, necessary to plaintiff's right of recovery, being sufficient to raise an issue as to the existence of that fact, even though he offers no evidence tending to contradict that offered by the plaintiff.

ON *certiorari* to the Court of Appeals to review its decision reversing judgment for the plaintiff by *Dale, J.,* in the District Court of BURKE, the decision of the Court of Appeals being reported in 23 N.C. App. 494, 209 S.E. 2d 330.

Rose v. Motor Sales

The complaint alleges: Epley Motor Sales is a used car company and Jerome Epley is its salesman. On 6 November 1973, the plaintiff purchased a used Volkswagen from Epley Motor Sales which, through its agent, Jerome Epley, impliedly warranted the automobile to be "suitable for everyday use and transportation." The plaintiff operated the automobile in a lawful, reasonable and prudent manner for three hours, driving it approximately 100 miles. While he was so operating it, three hours after the purchase, the automobile was completely destroyed by fire which started in the engine compartment. On 8 November 1973, the plaintiff attempted to rescind the sale, offering to return the damaged automobile to the defendants and demanding return of the purchase price. The defendants rejected the demand for rescission. By virtue of the Uniform Commercial Code, implied warranties of merchantability and of fitness for purpose arose upon the sale of the vehicle to the plaintiff. The plaintiff prays for a rescission of the contract and return of the purchase price ($820.00 in cash plus a 1964 Pontiac automobile traded to Epley Motor Sales as part payment for the Volkswagen) or, in the alternative, for damages for breach of implied warranty in the sum of $1,020 with interest from the date of the plaintiff's offer to rescind the sale.

The defendant moved to dismiss for failure of the complaint to state a claim for relief upon which a judgment could be rendered. Simultaneously, the defendant filed an answer admitting the sale of the Volkswagen but denying the making of any implied warranty. The answer alleges that the plaintiff drove the automobile, to try it, for approximately three hours, returned to the place of business of Epley Motor Sales and purchased the vehicle after pointing out certain defects by reason of which the seller reduced the purchase price originally demanded. The answer alleges that the vehicle was sold to the plaintiff as a used automobile "as is." The answer further admits that the vehicle was substantially destroyed by fire approximately four hours after the sale while in the exclusive custody and control of the plaintiff and that the plaintiff attempted to rescind the contract of sale but the defendant refused to do so.

The defendant's motion to dismiss the action for failure of the complaint to state a claim for relief on which relief can be granted was overruled. The matter then came on for hearing before Judge Dale and a jury.

The plaintiff's evidence consisted entirely of his own testimony to the following effect:

The plaintiff is not a duly licensed mechanic. On 6 November 1973, he negotiated with Epley Motor Sales, through Jerome Epley, for the purchase of the Volkswagen. He was permitted to take the vehicle and try it, which he did for approximately three hours. Jerome Epley told him that the engine had been "gone through" and "had been checked" and that Epley had had some work done on it at "a Volkswagen repair shop at a cost of about $120.00." Following his trial of the car, the plaintiff informed Jerome Epley of certain defects in the brakes and horn. He then purchased the automobile and, with his wife and children, started on a trip from Morganton to Marion. En route, "the car made a funny racket and blue smoke came out of the back end of it." It sounded as if a piston had broken. The plaintiff brought the car to a stop and his family got out. The entire back end was then engulfed in flames which could not be extinguished until the car was a total loss. Prior to the outbreak of the fire the plaintiff was driving 65 to 70 miles per hour and was "real pleased" with the way the automobile operated. While he was trying the car out prior to the purchase, he did not drive it faster than 55 miles per hour. He did no work whatever on the car after purchasing it, and had none done. Following the purchase, he drove to a service station and purchased gasoline. The service station attendant showed him how to check the oil. The attendant "twisted a little cap and pulled it out and it had the dip stick in it." On 7 November 1973, the day after the fire, the plaintiff went back to Jerome Epley and asked him to rescind the sale, which Epley refused to do. The purchase price of the car was $1,000, plus a tax of $20.00. In the plaintiff's opinion, the car was well worth $1,000 "before it burned up." He looked the car over carefully before he purchased it. He could not tell anything was wrong with it. He does not know what caused the car to catch on fire.

At the conclusion of the plaintiff's evidence, the defendants moved for a directed verdict in their favor, which motion was denied.

The defendants' evidence consisted entirely of the testimony of Jerome Epley to the effect that he had purchased this vehicle slightly more than one month prior to selling it to the plaintiff. Prior to the sale to the plaintiff, Epley took the automobile to the Volkswagen "service place" and had the car checked over

Rose v. Motor Sales

and had work done on it. He did everything "that was needed to be done." In the sale to the plaintiff he did not make any warranty whatsoever except that he had had the motor worked on. Nothing whatsoever was said about any kind of warranty by either the plaintiff or Epley.

At the end of all the evidence the defendants renewed their motion for a directed verdict, which was again denied. The plaintiff then moved for a directed verdict, which motion was allowed. The defendants then moved to set aside the order of the court, again renewed their motion for a directed verdict in their favor, moved for judgment notwithstanding the verdict and moved for a new trial. All of these motions by the defendants were denied.

Judge Dale made findings of fact in accord with the evidence of the plaintiff. He concluded as matters of law that the sale was governed by Article II of the Uniform Commercial Code; the defendants are "merchants" as defined therein; implied warranties of merchantability and of fitness for particular purpose arose upon the sale; these were broken when the Volkswagen was totally destroyed; the plaintiff did not have knowledge necessary to inspect the engine and to determine, prior to the purchase, the cause of the fire; the plaintiff lawfully rejected the automobile after the breach of the implied warranty and within a reasonable time thereafter notified the defendants of his desire to rescind the contract; and, therefore, the plaintiff is entitled to recover the full purchase price plus tax. Judgment was entered accordingly.

On appeal the Court of Appeals reversed the judgment of the District Court on the ground that the plaintiff had offered absolutely no evidence of a defect in the Volkswagen or of the cause of the fire, these being left completely to conjecture. For this reason the Court of Appeals held the District Court erred in denying the defendants' motion for a directed verdict in their favor.

*Robert E. Hodges for plaintiff.*

*Byrd, Byrd, Ervin & Blanton, P.A., by Robert B. Byrd and Joe K. Byrd, Jr., for defendants.*

LAKE, Justice.

There was no error in the denial by the District Court of the defendants' motion to dismiss for failure to state in the com-

plaint a claim upon which relief can be granted. The basis of this motion is that the complaint does not state wherein the alleged implied warranties were broken or otherwise allege any act or omission of the defendants or any condition of the automobile at the time of the sale which caused the fire.

[1] The complaint would clearly have been insufficient to state a cause of action under the provisions of the old Code of Civil Procedure. Under the present Rules of Civil Procedure, G.S. Ch. 1A, it falls far short of being a model pleading but, in our opinion, it does meet the minimum requirements of notice pleading there prescribed. It alleges a sale of an automobile by one engaged in that business, the making of an implied warranty that the automobile was "suitable for everyday use and transportation" (i.e., the normal use of such article) and that after only three hours of normal operation it was destroyed by a fire originating in the engine compartment, for which reason the plaintiff, with reasonable promptness, asserted to the defendants his right to rescind the sale. The prayer is for rescission and recovery of the purchase price. These allegations are sufficient to notify the defendants and advise the court that the plaintiff demands rescission for breach of the alleged warranty.

The requirement for a sufficient statement of a claim for relief is thus stated in Rule 8(a): "(1) A short and plain statement of a claim sufficiently particular to give the Court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled * * * ."

In Moore, Federal Practice, § 12.08, it is said that the defendant's remedy for mere vagueness or lack of detail in a complaint is a motion for a more definite statement. No such motion was made in the present case. In *Sutton v. Duke,* 277 N.C. 94, 104, 176 S.E. 2d 161, speaking through Justice Sharp, now Chief Justice, we said, "A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial." See also: *Redevelopment Commission v. Grimes,* 277 N.C. 634, 645, 178 S.E. 2d 345.

Even under the old Code of Civil Procedure distinction was drawn between a complaint which disclosed "a defective cause of action" and one which made "a defective statement of a good cause of action," the latter situation being present when the complaint failed to allege a necessary fact which presumably could be supplied by an amendment. See: *Sutton v. Duke, supra,* at p. 106. Thus, even under the old Code of Civil Procedure, the plaintiff could have been permitted to amend his complaint to supply the missing, then essential, allegation that the vehicle was not as warranted, which defect caused the fire, and dismissal of the action would not have been proper.

There was likewise no error in the denial of the defendants' motion for a directed verdict. Such motion is similar to the motion for judgment of nonsuit under the former practice and, in consideration of it, the evidence must be interpreted in the light most favorable to the plaintiff, must be considered as true and all reasonable inferences to be drawn therefrom must be made in his favor. *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396.

[2]  So considered, the evidence is sufficient to show the plaintiff purchased a used automobile from the defendant dealer in such commodities, that nothing whatever was said about a warranty of the condition of the car, that nothing was done to the automobile after the sale which altered its condition, that at all times following the sale the plaintiff operated it in a normal and proper manner, that three hours after the sale, while it was being so operated, it was totally destroyed by a fire originating in its motor compartment and that on the following day the plaintiff demanded rescission of the contract of sale, which demand the defendant refused. From the facts shown by the plaintiff's evidence, taken to be true, it may reasonably be inferred that the vehicle sold to him by the defendants was not in condition suitable for ordinary driving at the time of the sale, three hours before the fire.

G.S. 25-2-314 (part of the Uniform Commercial Code) provides:

> "*Implied warranty: Merchantability; usage of trade.*— (1) Unless excluded or modified (§ 25-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. * * *

(2) Goods to be merchantable must be at least such as

    (a) pass without objection in the trade under the contract description; and * * *

    (c) are fit for the ordinary purposes for which such goods are used; * * * "

[3] Epley Motor Sales is a "merchant" as that term is defined in the Uniform Commercial Code. G.S. 25-2-104. The term "goods" includes an automobile within the meaning of the Code. G.S. 25-2-105.

Official Comments upon G.S. 25-2-314 state that the warranty of merchantability applies to sales for use as well as to sales for resale; a contract for the sale of secondhand goods involves only such obligation as is appropriate to such goods for that is their contract description; fitness for the ordinary purposes for which goods of the type are used in a fundamental concept of this section of the Uniform Commercial Code; and in an action for breach of warranty it is necessary to show not only the existence of the warranty but the fact of its breach and that the breach was the proximate cause of the loss sustained.

G.S. 25-2-316 provides that to exclude such implied warranty of merchantability the language used for that purpose must mention merchantability, except that, unless the circumstances otherwise indicate, all implied warranties are excluded by expressions like "as is" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty. This section of the Code also provides that when the buyer, before entering into the contract, has examined the goods as fully as he desired there is no implied warranty with regard to defects which such examination ought, in the circumstances, to have revealed to him.

The defendants' testimony is that nothing whatever was said about any warranty. There is no evidence in the record indicating any exclusion of the implied warranty of fitness for purpose as provided in G.S. 25-2-316. Although the evidence shows that the plaintiff test drove the automobile and looked it over before making the purchase, nothing in the evidence would compel, or even support, a finding that the defect, if any, which caused the fire should have been discovered by him through such

test driving and inspection, he not being a mechanic. See: *Motors, Inc. v. Allen,* 280 N.C. 385, 395, 186 S.E. 2d 161.

[4]    The Uniform Commercial Code provides that if the goods fail in any respect to conform to the contract, the buyer may reject them within a reasonable time after their delivery, provided he seasonably so notifies the seller. G.S. 25-2-601, G.S. 25-2-602. The buyer who has accepted goods as performance of the seller's contract may revoke his acceptance when there is a nonconformity of the goods to the contract which substantially impairs their value to him, provided his failure to discover such nonconformity prior to his acceptance of the goods was reasonably induced by the difficulty of such discovery and he notifies the seller of such revocation within a reasonable time after he discovers, or should have discovered, the ground therefor and before any substantial change in the condition of the goods not caused by their own defects. G.S. 25-2-608. When the buyer justifiably revokes his acceptance of the goods, he may cancel the sale and recover the purchase price together with such other damages as may be justified. G.S. 25-2-608(3) ; G.S. 25-2-711; *Motors, Inc. v. Allen, supra,* at p. 395 et seq.

Consequently, the evidence, interpreted in the light most favorable to the plaintiff, is sufficient to support a verdict in his favor and there was no error in the denial of the motions by the defendants for a directed verdict in their favor.

There was, likewise, no error in the denial of the defendants' motions for judgment notwithstanding the verdict.

[2, 5]    There was, however, error by the District Court in granting the motion of the plaintiff for a directed verdict. The burden is upon the buyer to establish a breach by the seller of the warranty of merchantability; that is, to show that the defect which caused the fire existed at the time of the sale. G.S. 25-2-607(4). The evidence in the record is sufficient to permit an inference to this effect, but it does not compel such a finding even if true and the credibility of the plaintiff's evidence is for the jury. The trial judge may not direct a verdict in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses, even though the evidence is uncontradicted, the defendants' denial of an alleged fact, necessary to the plaintiff's right of recovery, being sufficient to raise an issue as to the existence of that fact, even though he offers no evidence tending to contradict that offered

by the plaintiff. *Cutts v. Casey*, 278 N.C. 390, 417-422, 180 S.E. 2d 297.

Consequently, the judgment of the Court of Appeals must be, and is hereby, reversed. The matter must be, and is hereby, remanded to that Court with direction to enter judgment vacating the judgment of the District Court and remanding the matter to the District Court for a new trial.

Reversed and remanded.