VESTAL H. COCKERHAM, Plaintiff v. ROY D. WARD, t/a WARD'S AWNING COMPANY and as WARD'S AWNING AND MATTRESS COMPANY, Defendant

AND

THE ASTRUP COMPANY, Defendant and Third-Party Plaintiff v. THE WEST COMPANY, Third-Party Defendant

No. 7818SC1141

(Filed 5 February 1980)

1. **Sales § 22— product used for purpose for which made—manufacturer's duty of care**

A manufacturer may be held liable for harm resulting from the use of a product for the purpose for which it was made if the manufacturer has failed to recognize when he should have that, if negligently manufactured, the product's proper use would involve an unreasonable risk of harm to those using it for the purpose for which it was manufactured.

2. **Sales § 22— manufacturer's liability—duty of care required**

In N.C. a manufacturer is not an insurer of the safety of products designed and manufactured by him but is under an obligation to those who use his product to exercise that degree of care in its design and manufacture which a reasonably prudent man would use in similar circumstances.

3. **Sales § 22— rubber strap—no defect shown—manufacturer's liability**

In an action to recover for personal injuries sustained by plaintiff while using a rubber strap manufactured by one defendant, evidence was insufficient to justify a trial on the issue of manufacturer negligence in that plaintiff presented no evidence to show that a defect existed in the rubber strap at the time it was manufactured or that defendant was negligent in its design, assembly or inspection of its straps but presented evidence only that the strap broke or came apart while he was using it.

4. **Negligence § 6.1— breaking of rubber strap—res ipsa loquitur inapplicable**

*Res ipsa loquitur* was inapplicable in an action to recover for personal injuries sustained by plaintiff while using a rubber strap manufactured by one defendant, since the strap causing injury was not under the exclusive control or management of defendant manufacturer at the time plaintiff was injured.

5. **Sales § 22.1— rubber strap—defect alleged—seller's liability**

Summary judgment was properly entered for defendant seller of a rubber strap which allegedly broke and caused injury to plaintiff, since a vendor is not required to inspect goods for latent defects and since plaintiff failed to produce at least some evidence as to whether the strap was defective and such defect could have been discovered by defendant vendor upon reasonable inspection.

**6. Uniform Commercial Code § 13— rubber strap—no defect shown—no breach of implied warranty of merchantability**

In an action to recover for injuries sustained by plaintiff while using a rubber strap sold by one defendant, summary judgment was properly entered for defendant vendor on plaintiff's claim of breach of implied warranty of merchantability, since plaintiff presented no evidence tending to show a defective condition aside from the fact that the strap broke. G.S. 25-2-314.

APPEAL by plaintiff from *Albright, Judge.* Judgment entered 11 July 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 September 1979.

On 17 January 1977, plaintiff filed this suit against Roy D. Ward (Ward) and The Astrup Company (Astrup) as a result of an alleged injury he received on 22 March 1975 while using a rubber strap allegedly sold by Ward's Awning and Mattress Company, located in Guilford County.

In his complaint, plaintiff alleged that the strap in question was one of ten rubber straps he had purchased through one John Brothers, who had actually gone to Ward's business and paid for the straps. The straps were manufactured by Astrup, which had purchased the rubber component for the straps from The West Company (West).

Plaintiff alleged that defendant Ward was negligent in failing to inspect for defects in its rubber straps and in failing to warn that the straps might split. Plaintiff also alleged that the rubber strap was not merchantable and thus Ward breached an implied warranty under G.S. 25-2-314. Plaintiff further alleged that Astrup was negligent in that it failed to use reasonable care in its manufacture, inspection, and testing of the straps, and in its failure to warn that the straps might split. Ward answered denying both negligence and breach of warranty claims, specifically alleging contributory negligence and the lack of privity of contract as defenses to plaintiff's claim. Ward also filed a cross-claim against Astrup for indemnification in the event of his liability. Ward amended his answer to include the defense that plaintiff failed to provide sufficient notice under G.S. 25-2-607 on its breach of implied warranty claim. Astrup answered, denying any liability under negligence or warranty theories, also alleging lack of contractual privity and contributory negligence as defenses. Astrup filed a third-party action against The West Company, manufac-

turer of the rubber straps used by Astrup, for indemnification. The West Company subsequently answered, denying liability.

Ward and Astrup both filed motions for summary judgment. The court considered the deposition testimony of plaintiff and A. V. Cherri on behalf of Astrup, various interrogatories, the affidavits of Brothers and Ward, and exhibits consisting of the allegedly defective rubber strap and an invoice from the sale of rubber straps to Brothers. During the summary judgment hearings, plaintiff attempted to introduce a second affidavit from John Brothers, but upon defendants' objection, the trial court excluded the affidavit. Judgment was entered in favor of defendants Ward and Astrup on their respective motions, denying plaintiff any recovery, which excused West from any liability.

From the judgment granting defendant Ward's motion for summary judgment on plaintiff's claim of negligence and breach of warranty, the judgment granting defendant Astrup's motion for summary judgment on plaintiff's claim of negligence, and the court's refusal to admit plaintiff's second affidavit from John Brothers, plaintiff appeals.

*Frassineti, Younger & Glover, by Durant M. Glover, for plaintiff appellant.*

*Perry C. Henson for defendant appellee and third-party plaintiff The Astrup Company.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks, for defendant appellee Roy D. Ward.*

*J. B. Winecoff and Harry Rockwell for third-party defendant appellee.*

MORRIS, Chief Judge.

N.C. Gen. Stat. § 1A-1, Rule 56 requires that the party moving for summary judgment "clearly [establish] the lack of any triable issue of fact by the record properly before the court." *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 469-70, 251 S.E. 2d 419, 421 (1979); *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). *See generally* 6 Moore's Federal Practice, ¶ 56.15[8] (2d ed. 1979). In *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d

795 (1974), our Supreme Court stated the applicable rule as follows:

> This burden may be carried by movant by proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim. If the moving party meets this burden, the party who opposes the motion for summary judgment must either assume the burden of showing that a genuine issue of material fact for trial does exist or provide an excuse for not so doing.

286 N.C. at 29, 209 S.E. 2d at 798. In effect, this motion forces plaintiff to produce a forecast of evidence which he has available for presentation at trial to support his claim. *Moore v. Fieldcrest Mills, Inc., supra.* In order for a defendant's motion for summary judgment to be granted, however, he must produce a forecast of his own which is sufficient, if considered alone, to compel a verdict in his favor as a matter of law. *Moore v. Fieldcrest Mills, Inc.*, supra. *See generally* 2 T. Wilson & J. Wilson, McIntosh N.C. Practice and Procedure § 1660.5 (2d ed. Phillips Supp. 1970). Failure of the plaintiff to counter the effect of defendant's forecast by his own forecast of evidence sufficient to create a genuine issue of material fact will result in a judgment against him. The test is whether plaintiff has presented evidence sufficient to survive a motion for directed verdict if such evidence were offered at trial. *Coakley v. Ford Motor Co.,* 11 N.C. App. 636, 182 S.E. 2d 260, *cert. denied,* 279 N.C. 393, 183 S.E. 2d 244 (1971); *Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696, 179 S.E. 2d 865 (1971); *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970). To rebut his opponent's claim that there is no genuine issue of material fact presented, plaintiff may not rest on the allegations of his pleadings, but must, by affidavits or otherwise, set forth specific facts demonstrating that there is an issue for trial. G.S. 1A-1, Rule 56(e); *Haithcock v. Chimney Rock Co., supra.*

In his first assignment of error, plaintiff argues that the trial court erred when it granted defendant Astrup Company's motion for summary judgment on plaintiff's claim of negligent manufacture.

[1, 2]  The general rule concerning manufacturer negligence is that the manufacturer may be held liable for harm resulting from

the use of that product for the purpose for which it was made if, in its manufacture, the manufacturer has failed to exercise due care in its manufacture, failing to recognize, when he should have, that, if negligently manufactured, the product's proper use would involve an unreasonable risk of harm to those using it for the purpose it was manufactured. *See* 1 Frumer and Friedman, Products Liability § 5.03[1] (1979). In this connection, a manufacturer is under a duty to exercise due care to make reasonable tests and inspections to discover latent hazards involved in the use of its products. 1 Frumer and Friedman, Products Liability § 6.01[1] (1979). In North Carolina, a manufacturer is not an insurer of the safety of products designed and manufactured by him, but is under an obligation to those who use his product to exercise that degree of care in its design and manufacture which a reasonably prudent man would use in similar circumstances. *Corprew v. Geigy Chemical Corp.*, 271 N.C. 485, 157 S.E. 2d 98 (1967); *Gwyn v. Lucky City Motors, Inc.*, 252 N.C. 123, 113 S.E. 2d 302 (1960); *Cassels v. Ford Motor Co.*, 10 N.C. App. 51, 178 S.E. 2d 12 (1970). In an action to recover for injuries resulting from manufacturer negligence, plaintiff must present evidence which tends to show that the rubber straps manufactured by Astrup were defective at the time they left Astrup's plant, and that Astrup was negligent in its design of the straps, in its selection of materials, in its assembly process, or in inspection of the straps. *See Coakley v. Motor Co., supra; Fowler v. General Electric Co.*, 40 N.C. App. 301, 252 S.E. 2d 862 (1979).

[3] In our view, the evidence presented on motion for summary judgment does not justify a trial on the issue of manufacturer negligence in that plaintiff presented no evidence to show that a defect existed in the rubber strap at the time it was manufactured or that Astrup was negligent in its design, assembly, or inspection of its straps. The materials presented on motion for summary judgment reveal that, sometime before 22 March 1975, plaintiff purchased ten 20-inch rubber straps that had the name "The Astrup Company" printed on them from John Brothers, who had previously purchased the straps from defendant Roy D. Ward; that on 22 March 1975, plaintiff was using some rubber straps which were 20″ to 22″ long to secure a tarpaulin over a load of oats in a truck; that he was injured when he stretched one of the straps five or six inches in order to hook it to the under-

side of the truck, and the strap either broke or pulled loose from the metal hook fastened at the end of the strap, and hit plaintiff in the eye; that there had been at least one previous suit filed against Astrup on a claim of an alleged defective strap, which was settled; that about five complaints concerning straps manufactured by Astrup were received annually; that Astrup tested and inspected its straps by stretching each strap to determine its breaking point and accepted only those straps whose breaking point was beyond fifty percent of the original length; that such testing procedures were performed irregularly, and no records were kept of such tests. On the basis of this forecast of evidence, plaintiff contends that the issue of manufacturer's negligence should be put before the jury.

With respect to the defect alleged, plaintiff must present facts supporting the conclusion that the article was dangerous because of some latent defect or was inherently dangerous when used for the purpose for which it was manufactured. *Wyatt v. North Carolina Equipment Co.*, 253 N.C. 355, 117 S.E. 2d 21 (1960). All that is shown by plaintiff is the fact that the strap broke or came apart while he was using it. In plaintiff's own words:

> I had just leaned over from the waist. I had placed the hook in the tarpaulin and I started to pull down, and it pulled out of the end—busted out. The strap busted out—turned the strap loose.

Plaintiff, in response to interrogatories, asked of him by Astrup, stated:

> The strap referred to in the complaint was defective at the time it was used, as evidenced by its breaking after being stretched only a very short distance. Nothing occurred to the strap immediately before its use by the Plaintiff which could have caused any defect to develop. Therefore, the defect was in the strap prior to its use by the Plaintiff.

Plaintiff similarly testified by deposition as follows:

> With reference to what facts or information I have or had at the time the lawsuit was filed that leads me to believe that The Astrup Company was negligent in manufacturing the strap in question, as to why I think they were negligent, well, if it had been a good strap, it wouldn't have broken. The

basis upon which I feel that the defendant, The Astrup Company, was negligent in inspecting and in testing this strap was that if it had been a good strap, it wouldn't have broken.

When questioned as to what examinations were performed upon the strap that would reveal the defective condition alleged, plaintiff responded as follows:

To my knowledge, this strap has never been examined by anyone other than myself and my attorney. It has never been examined by any person who would be an expert in the field of rubber and rubber molding.

It is, therefore, abundantly clear that plaintiff's forecast of evidence as to the defective nature of defendant Astrup's strap is based merely on his own observation that the strap broke. The record is devoid of any indication as to *why* the strap broke, or *how* the strap was defective. Further, plaintiff's argument that the mere allegation that the strap broke is sufficient to survive motion for summary judgment is without merit. On the materials presented, there is nothing which makes it more probable than not that the rubber strap broke because it was defective.

Moreover, even if there were presented facts supporting plaintiff's contention that the rubber strap was defective, there is no evidence to indicate that defendant Astrup was negligent in its design of its straps, in its selection of materials, in its assembly process, or in inspection of the straps. The only evidence available at the summary judgment hearing concerning manufacture was that Astrup performed manual stretching tests to determine the breaking point of each strap. Plaintiff offered no evidence whatsoever to support his allegation that these testing procedures were insufficient or otherwise negligently performed. It is well settled that negligence is never presumed from the mere fact that an accident or injury has occurred, except in the narrow class of cases to which the doctrine of *res ipsa loquitur* is applicable. *Coakley v. Motor Co.*, supra; *Millsaps v. Wilkes Contracting Co.*, 14 N.C. App. 321, 188 S.E. 2d 663, *cert. denied*, 281 N.C. 623, 190 S.E. 2d 466 (1972). Indeed, an issue of negligence is created only when a party produces evidence of specific acts or omissions on the part of the defendant that would constitute negligence. *Millsaps v. Wilkes Contracting Co.*, supra. Upon a review of the materials presented, we must conclude that plaintiff

failed to produce evidence of specific acts or omissions on the part of Astrup from which a jury could infer negligence in its manufacture of the straps.

[4] In addition, we hold that the doctrine of *res ipsa loquitur* is inapplicable to the facts as presented. When applicable, that doctrine operates as a rule of evidence and constitutes prima facie proof of negligence. In *Newton v. Texas Co.*, 180 N.C. 561, 105 S.E. 433 (1920), the Court recognized that "when a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." 180 N.C. at 567, 105 S.E. at 436. In the present case, the rubber strap allegedly causing injury was not under the exclusive control or management of defendant Astrup at the time plaintiff was injured, and therefore *res ipsa loquitur* is not available to plaintiff as a presumption of negligence. *See Trull v. Well Co.*, 264 N.C. 687, 142 S.E. 2d 622 (1965); *Wyatt v. North Carolina Equipment Co., supra.* In addition, North Carolina has not embraced the doctrine of strict liability in tort, *Fowler v. General Electric Co.*, 40 N.C. App. 301, 252 S.E. 2d 862 (1979), and therefore Astrup's obligation to plaintiff in this case is tested by the law of negligence, rather than the fact of injury itself. Having been unable to locate any facts that show negligence on the part of Astrup, we overrule plaintiff's assignment of error.

[5] Plaintiff next argues that summary judgment was improper as against defendant Ward on both claims of negligence and breach of warranty. We will consider plaintiff's negligence claim first. Plaintiff originally alleged that Ward was negligent in failing to inspect for defects in the straps which he sold, and in failing to warn that the straps might break during use.

The rubber straps were manufactured by The West Company and then attached to steel hooks by Astrup, who then sold the finished product to defendant Ward. Defendant Ward in turn sold the straps to the public without alteration. Ward, as a retail seller of these straps, was under a general duty to exercise reasonable care to prevent injury from a known danger presented by defects in the product. Ward's duty is limited, however,

because there was no patent defect in the strap in question. The defect, if one existed, was latent, as evidenced by the testimony of plaintiff, who handled the strap: "I saw the end of the strap that broke, but did not notice anything wrong with it. I did not see any crack or anything like that." In this regard, the general rule of liability is as follows:

> [A] retailer who purchases from a reputable manufacturer and sells the product under circumstances where he is a mere conduit of the product is under no affirmative duty to inspect or test for a latent defect, and, therefore, liability cannot be based on a failure to inspect or test in order to discover such defect and warn against it.

2 Frumer and Friedman, Products Liability § 18.03[1][a] (1979); *General Motors Corp. v. Davis*, 141 Ga. App. 495, 233 S.E. 2d 825 (1977) and cases there cited.

In this case, where the retail seller does not manufacture the product, "he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury. (Citations omitted.)" *General Motors Corp. v. Davis*, supra, 141 Ga. App. at 498, 233 S.E. 2d at 829.

In *Nationwide Mutual Insurance Co. v. Weeks-Allen Motor Co.*, 18 N.C. App. 689, 198 S.E. 2d 88 (1973), plaintiff alleged that a retail dealer of automobiles was negligent in the sale of a defective master brake cylinder for installation on the automobile of plaintiff's insured. The dealer moved for summary judgment, which was granted. On appeal, this Court affirmed, stating:

> Any liability of [the dealer] could only be predicated upon the existence of a defect of which it was aware or by reasonable diligence could have discovered at the time of sale. It would not, however, be responsible for a defect subsequently discovered which was not discernible by reasonable inspection at the time of sale. (Citations omitted.)

18 N.C. App. at 693, 198 S.E. 2d at 91. In the present case, then, it is incumbent upon plaintiff on motion for summary judgment to produce evidence tending to show that a defect existed in the rubber strap at the time of sale, and that defendant Ward, by reasonable inspection, could have discovered the defect. Plaintiff

has offered nothing which indicated he could show at trial that a defect existed in the strap when sold. Further, plaintiff offered nothing as evidence of his contention that a reasonable inspection would have disclosed the defect. In *Coakley v. Motor Co.*, supra, plaintiff argued on appeal that the jury should have been allowed to determine whether the retail seller could have, in the exercise of reasonable care, discovered the alleged defect. In affirming a summary judgment in favor of defendant seller, this Court stated:

> Assuming that [a defect existed], plaintiff has offered no evidence as to whether a reasonable inspection . . . would have disclosed the defect. The question may not be left for conjecture.

11 N.C. App. at 640, 182 S.E. 2d at 263. Under the facts of this case, no knowledge may be imputed to Ward as to the alleged defective condition of the rubber straps. In light of the general rule which does not require a vendor to inspect for latent defects, and in light of the plaintiff's failure to produce at least some evidence as to whether the strap was defective and such defect could have been discovered by Ward upon reasonable inspection, we overrule plaintiff's assignment of error.

Plaintiff argues in addition that Astrup furnished warnings and recommendations with the straps it sold to Ward, and that Ward's failure to pass these on to the purchaser constituted negligence. Plaintiff contends that "any warnings and recommendations concerning stretching were placed there for the information of the customer who would be stretching the straps." However, plaintiff failed to present any evidence of these warnings and recommendations on motion for summary judgment. Therefore, even if we were to agree with plaintiff on this point, we are given nothing on which to base an opinion.

[6] Plaintiff further contends that the court erred when it granted defendant Ward's motion for summary judgment as to Ward's alleged liability for breach of implied warranty of merchantability. Since we find no evidence from which a defect could be shown, this contention must also be rejected.

Under G.S. 25-2-314, a plaintiff must prove, first, that the goods bought and sold were subject to an implied warranty of merchantability; second, that the goods did not comply with the

warranty in that the goods were defective at the time of sale; third, that his injury was due to the defective nature of the goods; and fourth, that damages were suffered as a result. *Tennessee-Carolina Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E. 2d 181 (1974); *Burbage v. Atlantic Mobilehome Suppliers Corp.*, 21 N.C. App. 615, 205 S.E. 2d 622 (1974). The burden is upon the purchaser to establish a breach by the seller of the warranty of merchantability by showing that a defect existed at the time of the sale. *Rose v. Epley Motor Sales*, 288 N.C. 53, 215 S.E. 2d 573 (1975). As discussed above, plaintiff has presented no evidence that tends to show a defective condition aside from the fact that the strap broke. In other words, there was no evidence that the rubber straps were not "fit for the ordinary purposes for which such goods are used" at the time they were purchased. G.S. 25-2-314. To the contrary, plaintiff said that he saw the "end of the strap that broke, but did not notice anything wrong with it." In addition, contrary to plaintiff's assertion, there was no evidence that the age of the straps was a causative factor in plaintiff's injury.

*Rose v. Epley Motor Sales, supra,* relied upon by plaintiff, is distinguishable on the facts. In *Rose,* plaintiff purchased from defendants a used automobile, which was subject to the implied warranty of merchantability. The evidence established that nothing was done to the automobile after the sale which altered its condition, and that at all times following the sale plaintiff operated it in a normal and proper manner. It was shown that three hours after the sale, while it was being operated, the automobile was totally destroyed by a fire originating in its motor compartment. The Court ruled that "[f]rom the facts shown by the plaintiff's evidence, taken to be true, it may reasonably be inferred that the vehicle sold to him by the defendants was not in condition suitable for ordinary driving at the time of the sale, three hours before the fire." 288 N.C. at 59, 215 S.E. 2d at 577. Plaintiff argues that under *Rose,* his evidence is sufficient to show a defect without additional evidence as to the exact cause of the strap breaking. However, the facts as established do not suggest such a presumption. In this case, the rubber straps were transferred from defendant to Brothers and then to plaintiff subsequent to their purchase, unlike the situation in *Rose* where there was exclusive possession by plaintiff from the time of pur-

chase until the automobile was destroyed by fire. There being no evidence of a defective condition existing at the time of sale, summary judgment in favor of defendant Ward was proper on the issue of implied warranty under G.S. 25-2-314.

Plaintiff finally argues that the trial court erred in excluding a second affidavit of John Brothers, offered during the course of the summary judgment hearing. Plaintiff did not file the affidavit before the hearing, did not serve the affidavit upon opposing counsel, nor did plaintiff make the proffered affidavit a part of the record on appeal. Notwithstanding the merits of plaintiff's arguments, since the record gives no indication of what the affidavit would have shown if admitted, we have no basis upon which to rule concerning this assignment, and it is, therefore, overruled.

Affirmed.

Judges PARKER and MARTIN (Robert M.) concur.