SOUTHERN OF ROCKY MOUNT, INC. v. WOODWARD SPECIALTY SALES, INC.; INGERSOLL-RAND COMPANY; AND EMERSON ELECTRIC COMPANY

No. 8010SC557

(Filed 16 June 1981)

1. Sales § 17.2; Uniform Commercial Code § 12— action for breach of implied warranty—no fatal variance between testimony and allegations

   In an action for breach of implied warranty of merchantability and fitness for latent defects in an air compressor which allegedly caused a fire in plaintiff's machine shop, testimony by plaintiff's expert witness that in his opinion the fire originated in the terminal box of the air compressor and resulted from an arc across a broken or separated electrical connection did not constitute a fatal variance from allegations in plaintiff's complaint that the fire originated in the control box of the motor drive unit since plaintiff's allegations of latent defects sufficiently raised the issue of breach of implied warranty, the testimony tended to establish the existence of a latent defect and related to the issue of breach of implied warranty, and it thus did not raise an issue not pleaded.

Southern of Rocky Mount v. Woodward Specialty Sales

2. **Trial § 3.2— motion for continuance—surprise by testimony**

The trial court did not abuse its discretion in the denial of defendant's motion for continuance based on alleged surprise as to the testimony of an expert witness where the testimony related to an issue raised by the complaint, and defendant utilized none of the available methods of discovery to obtain greater specificity from plaintiff regarding its allegations.

3. **Uniform Commercial Code § 12— breach of implied warranty of merchantability—elements of proof**

To present a prima facie case of breach of implied warranty under G.S. 25-2-314 plaintiff must produce any evidence more than a scintilla (1) that an implied warranty covered the goods in question, (2) that the seller breached the warranty in that the goods were not merchantable at the time of sale, and (3) that the breach proximately caused the injury and loss sustained by plaintiff.

4. **Uniform Commercial Code § 13— implied warranty—goods not physically passing from defendant to plaintiff**

There was no merit to defendant's contention that no implied warranty arose in the sale of an air compressor to plaintiff because the compressor was shipped to plaintiff's plant directly from the manufacturer's factory and did not physically pass from defendant to plaintiff where the evidence showed that defendant had title to the compressor and that it contracted to pass title to plaintiff, since the implied warranty arose upon a contract for sale, and the fact that the compressor did not pass through defendant's warehouse did not render the transaction something other than a contract for sale. G.S. 25-2-314(1).

5. **Uniform Commercial Code § 13— goods not merchantable—sufficiency of evidence**

Plaintiff's evidence was sufficient for the jury to find breach of the implied warranty of merchantability of an air compressor sold by defendant to plaintiff where plaintiff's expert witness stated his opinion that there was a defect in the connection of the service wire to the motor wire inside the terminal box of the compressor, which could have been aggravated by the vibration of the machine over a two year period of almost continuous operation, and that the vibration itself could have caused fatigue at any point where two wires connected, and plaintiff offered evidence from several witnesses that the terminal box was a closed system and that no one had tampered with or altered any of the electrical wiring of the compressor between the time of sale and the time the compressor caught on fire.

6. **Uniform Commercial Code § 13— breach of implied warranty—proximate cause and resultant loss**

In an action for breach of implied warranty for latent defects in an air compressor which allegedly caused a fire in plaintiff's machine shop, plaintiff's evidence was sufficient to show that the defect was the proximate cause of the fire and the resultant loss where an expert witness testified that in his opinion the fire started as a consequence of electrical arcing across a separated or broken connection between the two wires in the terminal box, and that such

Southern of Rocky Mount v. Woodward Specialty Sales

broken connection resulted from a defect in the wiring or the vibration of the compressor or both, plaintiff's general manager testified that the fire completely destroyed plaintiff's shop, and plaintiff introduced a list of materials and machinery lost with their values before and after the fire.

**7. Sales § 18; Uniform Commercial Code § 13— action for breach of warranty of merchantability — instruction on abuse of goods by buyer**

In an action for breach of warranty of merchantability of an air compressor, the trial court did not err in refusing to give defendant's requested instruction that the jury could consider evidence that plaintiff had abused the goods and not properly maintained them as a reasonably prudent person would do in determining whether defendant breached its implied warranty of merchantability where there was no evidence that plaintiff had abused the air compressor or that plaintiff failed properly to maintain it.

**8. Sales § 18; Uniform Commercial Code § 13— breach of warranty of merchantability — age of product — no improper comment by court**

In an action for breach of warranty of merchantability of an air compressor in which the jury foreman asked the court whether "there are time limits or any time frame at all attached to an implied warranty," the trial court's response, "In this case there is no applicable time limit and you need not concern yourself with that," did not imply that the jury could not consider the age of the product in determining whether the defect complained of existed at the time of sale.

APPEAL by defendant from *Herring, Judge.* Judgment entered 25 January 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 7 January 1981.

Plaintiff processes peanut oil and cotton seed oil and uses compressed air in its manufacturing process. Defendant Woodward Specialty Sales, Incorporated (hereafter defendant)[1] sells and services industrial air compressors. In June 1974 plaintiff purchased an air compressor from defendant. This air compressor was shipped to plaintiff and placed in operation at plaintiff's place of business in the autumn of 1974. Plaintiff used the air compressor regularly in its business operations until 2 August 1976 when a fire destroyed plaintiff's machine shop and everything in it.

---

1. Plaintiff also sued defendants Ingersoll-Rand Company, the manufacturer of the air compressor, and Emerson Electric Company, the manufacturer of a component part. Plaintiff voluntarily dismissed its claims against the two manufacturers, and the case went to the jury solely on the issue of Woodward's breach of warranty.

Plaintiff sued defendant for breach of implied warranty of merchantability and fitness and for negligent maintenance of the air compressor. The complaint alleged that latent defects present in the air compressor at the time of sale caused the fire in plaintiff's machine shop. Defendant answered admitting that plaintiff purchased the air compressor from it, denying that the air compressor was covered by implied warranties, and denying that it breached any implied warranties or that the air compressor contained any latent defects at the time of sale which caused the fire complained of. Defendant conducted no discovery.

After plaintiff's evidence defendant moved for directed verdict. The court granted the motion as to the negligence claim but denied it as to the breach of implied warranty claim. Defendant then moved for a continuance, and the court denied the motion. The court also denied defendant's motion for directed verdict at the close of its evidence. The jury returned a verdict for plaintiff on the issue of breach of implied warranty. After denying defendant's motions for judgment notwithstanding the verdict and new trial, the court entered judgment on the verdict. Defendant appeals.

*Brenton D. Adams and Blanchard, Tucker, Twiggs, Denson and Earls, by Charles F. Blanchard, for plaintiff appellee.*

*Harris, Cheshire, Leager and Southern, by Samuel O. Southern, for defendant appellant, Woodward Specialty Sales, Incorporated.*

WHICHARD, Judge.

[1] Defendant contends that the testimony of plaintiff's expert mechanical engineer, Dr. Carl F. Zorowski, constituted a material variance from the allegations of plaintiff's complaint and therefore that the court erred in (1) refusing to limit his testimony, (2) denying defendant's motion for continuance, and (3) denying defendant's motions for directed verdict, judgment notwithstanding the verdict, and new trial. Dr. Zorowski testified that in his opinion the fire which destroyed plaintiff's shop originated in the terminal or juncture box of the air compressor and resulted from an arc across a broken or separated electrical connection. Defendant argues that the witness' testimony constitutes a fatal variance from the allegations in plaintiff's com-

plaint that the fire originated in the control box of the motor drive unit of the air compressor.

The enactment of the North Carolina Rules of Civil Procedure, especially Rule 15(b), virtually "destroy[ed] the former strict code doctrine of variance." *Roberts v. Memorial Park*, 281 N.C. 48, 58, 187 S.E. 2d 721, 726 (1972); *see* Note, 12 Wake Forest U.L. Rev. 405 (1976). Rule 15(b) provides for amendment of the pleadings by express or implied consent "[w]hen issues not raised by the pleadings are tried." G.S. 1A-1, Rule 15(b). The need for amendment does not arise, however, unless the evidence raises *issues* not pleaded. Under the notice theory of the Rules, pleadings need not contain detailed factual allegations to raise issues. G.S. 1A-1; Rule 8, *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

Although plaintiff did allege that the fire originated "in the control box of the motor drive unit for the . . . air compressor," plaintiff also alleged that the air compressor was neither merchantable nor fit for the particular purpose for which plaintiff purchased it, because it contained "latent defects," and "because of the absence of proper safety devices." Under the notice pleading theory of Rule 8(a)(1), plaintiff's allegations of latent defects sufficiently raised the issue of breach of implied warranty. G.S. 1A-1, Rule 8(a)(1); *see Gore v. Ball, Inc.*, 279 N.C. 192, 182 S.E. 2d 389 (1971); G.S. 25-2-314. Dr. Zorowski's testimony tended to establish the existence of a latent defect. The testimony related to the issue of breach of the implied warranty. It thus did not raise an issue not pleaded, and the court did not err in admitting the testimony or in denying defendant's motion based on material variance.

[2] Rulings on motions to continue rest in the discretion of the trial court and will not be reversed absent abuse of discretion. *Wood v. Brown*, 25 N.C. App. 241, 212 S.E. 2d 690 *review denied* 287 N.C. 469, 215 S.E. 2d 626 (1975). Dr. Zorowski's testimony related to an issue raised by the complaint. Defendant utilized none of the available methods of discovery to obtain greater specificity from plaintiff regarding its allegations. Under these circumstances we find no abuse of discretion in the denial of defendant's motion to continue based on alleged "surprise" as to this testimony.

**[3]**  Defendant contends the court should have granted its motions for directed verdict, judgment notwithstanding the verdict and new trial for one or more of the following reasons: (1) plaintiff failed to show a "sale" by defendant to plaintiff of the air compressor and therefore no implied warranties could have arisen; (2) plaintiff failed to show that a defect existed at the time of sale; or (3) the evidence was too speculative to go to the jury. The court properly denied the motions for directed verdict and judgment notwithstanding the verdict if, when it viewed the evidence in the light most favorable to plaintiff and gave plaintiff the benefit of all reasonable inferences, it found " 'any evidence more than a scintilla' to support plaintiff's prima facie case in all its constituent elements." 2 McIntosh, N.C. Practice and Procedure § 1488.15 (2d ed. Phillips Supp. 1970); *see also Gwyn v. Motors, Inc.,* 252 N.C. 123, 127, 113 S.E. 2d 302, 305 (1960). To present a prima facie case of breach of implied warranty under G.S. 25-2-314 plaintiff must produce any evidence more than a scintilla (1) that an *implied warranty covered the goods in question,* (2) that the seller breached the warranty in that the goods were not merchantable at the time of sale, and (3) that the breach proximately caused the injury and loss sustained by plaintiff. G.S. 25-2-314; 25-2-607(4); *Rose v. Motor Sales,* 288 N.C. 53, 60-61, 215 S.E. 2d 573, 577-578 (1975); *Cockerham v. Ward* and *Astrup Co. v. West Co.,* 44 N.C. App. 615, 624-625, 262 S.E. 2d 651, 658 *review denied* 300 N.C. 195, 269 S.E. 2d 622 (1980).

**[4]**  As to the first element, "[u]nless excluded or modified (§25-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." G.S. 25-2-314(1). In its answer, defendant admitted that it was a corporation engaged in the business of wholesale and retail selling of air compressors, thereby admitting that it was both a "seller" and a "merchant" of air compressors. *See* G.S. §§ 25-2-103(1)(d); 25-2-104(1); 25-1-201(28) and (30). Defendant argues no implied warranty arose as between it and plaintiff because the air compressor in question was shipped to plaintiff's plant directly from the manufacturer's factory and did not physically pass from defendant to plaintiff. G.S. 25-2-314(1) does not require a physical passing of goods from seller to buyer, however. The implied warranty arises upon a "contract

Southern of Rocky Mount v. Woodward Specialty Sales

for . . . sale." G.S. 25-2-314(1).[2] Defendant admitted that the manufacturer "sold" the air compressor in question to defendant and thus that defendant acquired title to it. *See* G.S. 25-2-106. Defendant also admitted that plaintiff purchased the compressor from it and that it billed plaintiff for the unit. Plaintiff's witness, Burton Edward Walkup, an employee of defendant, testified that he and a representative of plaintiff engaged in extensive discussions in 1973 and 1974 concerning the sale by defendant to plaintiff of an air compressor, and that in the spring of 1974 he and plaintiff's representative reached an agreement regarding the sale of the "Pac Air 60" compressor in question for a purchase price of $7,135.00. The fact that the compressor did not pass through defendant's warehouse, but was shipped directly from the manufacturer's factory to plaintiff, does not render the transaction something other than a contract for sale. Defendant had title to the compressor, and the evidence indicated that it contracted to pass title to plaintiff. Plaintiff's evidence indicated that defendant made no express warranties to plaintiff concerning the air compressor, and therefore that the parties did not exclude or modify the 25-2-314 implied warranty. *See* G.S. 25-2-316. Viewed in the light most favorable to plaintiff, the evidence and admissions indicate that an implied warranty of merchantability covered the air compressor which plaintiff purchased.

[5] As to the second element, breach of the implied warranty, plaintiff must offer evidence that the goods in question were not merchantable at the time of sale. *Rose*, 288 N.C. at 61, 215 S.E. 2d at 578; *Cockerham*, 44 N.C. App. at 625, 262 S.E. 2d at 658. Plaintiff can establish lack of merchantability by showing, *inter alia*, that the goods were not fit for the ordinary purpose for which such goods are purchased because they contained a defect at the time of sale. G.S. 25-2-314(2)(c). Plaintiff's witness, Dr. Zorowski, testified that in his opinion there was a defect in the connection of the service wire to the motor wire inside the terminal or juncture box of the compressor, which could have been aggravated by the vibration of the machine over the two year period of almost continuous operation of the compressor. He also testified that the vibration itself could have caused fatigue at any point where two

---

2. " 'Contract for sale' includes both a present sale of goods and a contract to sell goods at a future time. A 'sale' consists in the passing of title from the seller to the buyer for a price (§25-2-401)." G.S. 25-2-106.

wires connected. Plaintiff offered evidence from several witnesses that the terminal box was a closed system, and that no one had tampered with or altered any of the electrical wiring of the compressor between the time of sale and the fire. Viewed in the light most favorable to plaintiff, this evidence indicates breach of the implied warranty of merchantability, in that from it the jury could find existence of a defect at the time of sale and thus lack of fitness for the ordinary purpose for which air compressors are used.

[6] As to the third element, that of proximate cause, Dr. Zorowski testified that in his opinion the fire started as a consequence of electrical arcing across a separated or broken connection between two wires in the terminal box, and that such broken connection resulted from a defect in the wiring or the vibration of the compressor or both. His testimony, viewed in the light most favorable to plaintiff, established as the proximate cause of the fire the alleged defect in or unfitness of the air compressor. Plaintiff's vice president and general manager at the time of the fire testified that the fire completely destroyed plaintiff's shop. He testified that after the fire he supervised an inventory of the shop and the compilation of a list of materials and machinery lost with their values before and after the fire. Plaintiff introduced the list into evidence. Plaintiff's evidence thus indicates both proximate cause and the resultant loss.

A jury could find from the evidence produced each essential element of breach of implied warranty by defendant. The evidence was in no way "too speculative" to allow the jury to decide the question of defendant's liability and the resultant damages. Defendant produced no evidence which negated an element of breach of implied warranty as a matter of law. Therefore, the court did not err in denying defendant's motions for directed verdict and judgment notwithstanding the verdict.

The ruling on defendant's motion in the alternative for a new trial rested within the discretion of the trial court. The appellate court will not reverse the action of the trial court as to a matter in its discretion absent an abuse of discretion. *Coppley v. Carter*, 10 N.C. App. 512, 515, 179 S.E. 2d 118, 120 (1971). We find no abuse of discretion in the court's denial of defendant's motion for new trial.

[7]   Defendant's final contentions related to the court's instructions to the jury. Defendant argues the court erred in not instructing the jury, as requested, that it could consider evidence offered by defendant that plaintiff had "abused the goods and . . . not properly maintain[ed] the goods as a reasonably prudent person would do" in determining whether defendant breached its implied warranty of merchantability. A court may refuse a requested instruction if the evidence does not support it. *Jordan v. Storage Co.*, 266 N.C. 156, 161, 146 S.E. 2d 43, 47 (1966). Defendant did not offer evidence that plaintiff had "abused" the air compressor or that plaintiff failed properly to maintain the motor components of the compressor. Plaintiff's evidence indicated that the maintenance manual, which accompanied the machine, did not recommend any maintenance procedures for the internal electrical system of the machine and that the electrical system had not been tampered with. Defendant produced no evidence to the contrary. We thus find no error in the court's refusal to give the requested instruction.

[8]   After the jury retired it returned to the courtroom with questions. The following interchange occurred.

> THE FOREMAN: . . . I believe there will be another question as to whether there are time limits or any time frame at all attached to an implied warranty.

> THE COURT: In this case there is no applicable time limit and you need not concern yourself with that.

Defendant contends the court's response misled the jury to defendant's prejudice by implying that the jury could not consider the age of the product in determining whether the defect complained of existed at the time of sale. We disagree. The jury's question and the court's answer, examined in context, indicate that the jury questioned whether implied warranties, like many express warranties, terminated after a given time. The answer in no way implied that the jury should not consider the age and condition of the machine in determining whether defendant breached its implied warranty of merchantability.

No error.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.