MICHAEL MORRISON AND WANDA JEAN MORRISON, APPELLANTS v. SEARS, ROEBUCK & COMPANY, APPELLEE v. COLBY FOOTWEAR, INC. AND COLBY MACHINE CORPORATION, THIRD-PARTY DEFENDANT v. YORK HEEL OF MAINE, INC., APPELLEE

No. 8523SC315

(Filed 1 April 1986)

**1. Sales § 22.1— defective shoe heel—summary judgment for defendant proper**

   Summary judgment was properly granted for Sears in an action to recover for injuries from a fall when the heel of a shoe purchased at Sears allegedly buckled the second time the shoes were worn. There was no evidence that the shoes were patently defective; Sears was the seller, not the manufacturer of the shoes, despite the Sears label in the shoes; and Sears had no greater burden of testing than the law requires of sellers despite having test facilities or access to test facilities. N.C.G.S. 99B-1.

**2. Sales § 6.1— implied warranty of merchantability—defective shoe heel—no evidence of defect at time of sale**

   Summary judgment was properly granted for Sears in an action arising from the buckling of a shoe heel where plaintiffs came forward with no evidence that a defect in the shoe existed at the time of sale. N.C.G.S. 25-2-314.

APPEAL by plaintiffs from *Rousseau, Judge.* Judgment entered 21 November 1984 in Superior Court, WILKES County. Heard in the Court of Appeals 5 November 1985.

*Franklin Smith for plaintiff appellants.*

*Moore & Willardson by Larry S. Moore and William F. Lipscomb for defendant appellee, Sears, Roebuck & Company.*

*Smith, Moore, Smith, Schell & Hunter by J. Donald Cowan, Jr., for appellee, York Heel of Maine, Inc.*

COZORT, Judge.

Plaintiff Wanda Jean Morrison filed suit against defendant Sears, Roebuck and Company (hereinafter Sears) on 12 August 1982, alleging that Mrs. Morrison bought a pair of high-heel shoes from Sears in the spring of 1981 and that on 2 April 1981, the second time she wore the shoes, the heel of the left shoe buckled under causing her to fall and sustain a back injury which required surgery. Plaintiff Michael Morrison sued for loss of consortium. Plaintiffs prayed for damages alleging (1) negligence in failing to market reasonably safe shoes which would withstand normal wear, and (2) breach of warranty of merchantability under G.S. 25-2-314. On 3 March 1983 defendant Sears filed a third-party complaint against Colby Footwear, Inc., and Colby Machine Corporation (hereinafter Colby), the manufacturer of the shoe in question. Plaintiffs were subsequently given leave to amend the complaint to add Colby as original defendants in the action. On 30 March 1984 the trial court granted a motion by plaintiffs allowing the filing of an amended complaint which added York Heel of Maine, Inc. (hereinafter York), the manufacturer of the heel which allegedly buckled under, as an additional party defendant. In an order filed 21 November 1984 the trial court granted summary judgment for defendant Sears. In an order filed 28 November 1984 the trial court granted defendant York's motion to dismiss. In an order filed 4 December 1984 the trial court granted summary judgment for defendant Colby. The sole issue presented for our review on appeal is whether the trial court erred in granting defendant Sears' motion for summary judgment.

[1] We turn first to plaintiffs' claim against Sears alleging negligence. Under North Carolina law, " '[a] retailer who purchases from a reputable manufacturer and sells the product under circumstances where he is a mere conduit of the product is under no affirmative duty to inspect or test for a latent defect, and, therefore, liability cannot be based on a failure to inspect or test

in order to discover such defect and warn against it.' (Citations omitted.)" *Cockerham v. Ward,* 44 N.C. App. 615, 623, 262 S.E. 2d 651, 657, *disc. rev. denied,* 300 N.C. 195, 269 S.E. 2d 622 (1980).

In response to Sears' summary judgment motion, plaintiffs presented no evidence that the shoes were patently defective. Plaintiffs' own expert, Marshall A. Brem, testified in his deposition that he "cannot see any defect in these heels." Thus, it is undisputed that the alleged defect was latent. The affidavits filed in this case and the deposition of Brem present uncontradicted evidence that Colby manufactured the shoe, inspected it, and shipped it to Sears. The shoes are received by Sears in individual boxes. The boxes containing each pair of shoes are placed in inventory until requested by and shown to a customer. Thus, under *Cockerham,* Sears, as a seller, had no duty to inspect or test the shoe. Nevertheless, plaintiffs contend that summary judgment for Sears was improper because Sears occupies the same legal relationship to the plaintiffs as that of a manufacturer and should thus be held to a stricter standard of care. In support of this contention, plaintiffs argue that Sears holds itself out as the manufacturer of the shoe because its trademark, "SEARS The Shoe Place," is imprinted in the shoe, and there is no reference to the true manufacturer of the shoe. Plaintiffs further argue that they have, by affidavit, presented evidence that Sears has testing facilities, or at least has access to testing facilities. Plaintiffs' contention is not the law.

Chapter 99B of the General Statutes, The Products Liability Act, which governs this case, defines "manufacturer" and "seller" as follows:

(2) "Manufacturer" means a person or entity who designs, assembles, fabricates, produces, constructs or otherwise prepares a product or component part of a product prior to its sale to a user or consumer, including a seller owned in whole or significant part by the manufacturer or a seller owning the manufacturer in whole or significant part.

\* \* \* \*

(4) "Seller" includes a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of

selling a product, whether such sale is for resale or for use or consumption. "Seller" also includes a lessor or bailor engaged in the business of leasing or bailment of a product.

G.S. 99B-1. Sears is not the manufacturer of the shoe within the meaning of G.S. 99B-1(2). Rather, with respect to the shoe, Sears is the seller/retailer. As noted earlier, it is undisputed that Colby manufactured the shoe, inspected it, and shipped it to Sears. There is no evidence that either Sears or Colby owned the other in whole or significant part. All of the evidence before the court shows two things: (1) the alleged defect in the shoe was latent at the time of sale, and (2) Sears was the seller and not the manufacturer of the shoe.

We note that the imprinting of Sears' trademark in the shoe does not make Sears the manufacturer of the shoe. That fact is insufficient to bring Sears within the definition of manufacturer in G.S. 99B-1(2). Also, having testing facilities or access to testing facilities would not place on Sears a greater burden to test shoes it sells than the law provides. A seller is simply under no affirmative duty to test for latent defects. *See Cockerham, supra,* 44 N.C. App. at 623, 262 S.E. 2d at 657.

We hold that the evidence forecast by the plaintiffs is insufficient to make out a case for negligence against Sears and that the trial court correctly granted summary judgment for Sears.

[2] We now address the plaintiffs' claim of breach of implied warranty of merchantability. To prove a breach of implied warranty of merchantability under G.S. 25-2-314,

a plaintiff must prove, first, that the goods bought and sold were subject to an implied warranty of merchantability; second, that the goods did not comply with the warranty in that the goods were defective at the time of sale; third, that his injury was due to the defective nature of the goods; and fourth, that damages were suffered as a result. (Citations omitted.) The burden is upon the purchaser to establish a breach by the seller of the warranty of merchantability by showing that a defect existed at the time of the sale. (Citations omitted.)

*Id.,* 44 N.C. App. at 624-25, 262 S.E. 2d at 658.

The crucial issue in this appeal on the granting of summary judgment for Sears on plaintiffs' claim for breach of implied warranty of merchantability is whether there is any evidence that a defect existed at the time of the sale. "[P]laintiff must offer evidence that the goods in question were not merchantable at the time of sale. (Citation omitted.) Plaintiff can establish lack of merchantability by showing, *inter alia*, that the goods were not fit for the ordinary purpose for which such goods are purchased because they contained a defect at the time of sale. G.S. 25-2-314(2)(c)." *Southern of Rocky Mount, Inc. v. Woodward Specialty Sales, Inc.*, 52 N.C. App. 549, 555, 279 S.E. 2d 32, 36 (1981).

In the unverified complaint, plaintiff Wanda Jean Morrison alleged the shoe heel buckled under the second time she wore the shoe. Mrs. Morrison, however, did not file an affidavit to that effect. Plaintiffs' expert Brem, testifying by deposition on 24 August 1984, stated that the shoes had been worn many times: "There is wear, which shows this pair of shoes has been worn and worn and worn." Plaintiffs came forward with no evidence that a defect in the shoe existed at the time of sale. With no evidence of a defect at the time of sale, plaintiffs cannot meet their burden of proof under the breach of warranty claim. The granting of summary judgment is proper where the forecast of the evidence compels a verdict in the movant's favor as a matter of law. *City National Bank v. Rojas*, 64 N.C. App. 347, 348, 307 S.E. 2d 387, 388 (1983).

Affirmed.

Judges ARNOLD and MARTIN concur.