WACHOVIA BANK AND TRUST CO., N.A. v. SOUTHEAST AIRMOTIVE, INC.

No. 8826SC112

(Filed 20 September 1988)

Negligence § 29; Appeal and Error § 24— damages in plane crash—no directed verdict or judgment n.o.v.—necessity for exceptions—no questions presented for review

　　　In an action to recover damages for the alleged negligence of defendant in the transportation of certain cancelled checks which were burned, mutilated, or destroyed in a plane crash, plaintiff was not entitled to a directed verdict or to judgment n.o.v. where plaintiff's evidence did not compel a finding that defendant was negligent; defendant denied that it was negligent and denied that its actions were the proximate cause of plaintiff's alleged damages; and defendant introduced evidence that its pilot could have suffered a sudden physical incapacitation which caused the crash, and this raised a genuine issue of fact for the jury. Furthermore, a number of plaintiff's assignments of error were not supported by exceptions duly noted in the record or transcript, and they thus presented no question for review.

APPEAL by plaintiff from *Gray, Judge.* Judgment entered 31 July 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 September 1988.

This is a civil action wherein plaintiff seeks to recover damages for the alleged negligence of defendant in the transportation of certain cancelled checks which were burned, mutilated, or destroyed in a plane crash on 15 November 1983. The jury returned a verdict in favor of defendant, and the court entered judgment on the verdict on 31 July 1987. On 25 August 1987, the court entered an order denying plaintiff's motion for judgment notwithstanding the verdict or a new trial. Plaintiff appealed.

*Womble Carlyle Sandridge & Rice, by Donald F. Lively, and R. Howard Grubbs, for plaintiff, appellant.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Irvin W. Hankins, III, and Stephen R. Hunting, for defendant, appellee.*

HEDRICK, Chief Judge.

By Assignments of Error Nos. 1 and 2 plaintiff contends the trial court erred in allowing defendant's expert witness, Dr. Hobart R. Wood, to testify over plaintiff's objections concerning "his opinion as to whether or not the pilot of the airplane suffered an incapacitating heart attack while approaching to land" and concerning "the condition of the pilot's heart."

These assignments of error are not supported by exceptions duly noted in the record or transcript as required by Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure. Thus, these assignments of error present no question for review.

By Assignments of Error Nos. 6 and 7 plaintiff contends the trial court erred in denying plaintiff's motion for a directed verdict at the close of all the evidence and in denying plaintiff's motion for judgment notwithstanding the verdict and motion for a new trial.

The Supreme Court, in *Rose v. Motor Sales*, 288 N.C. 53, 61-62, 215 S.E. 2d 573, 578 (1975), stated:

> The trial judge may not direct a verdict in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses, even though the evidence is uncontradicted, the defendant's denial of an alleged fact, necessary to the plaintiff's right of recovery, being sufficient to raise an issue as to the existence of that fact, even

though he offers no evidence tending to contradict that offered by the plaintiff.

In the present case, plaintiff offered evidence sufficient to support an inference that defendant was negligent. However, plaintiff's evidence did not compel such a finding, and the credibility of plaintiff's evidence was for the jury. Also, defendant denied that it was negligent and denied that its actions were the proximate cause of plaintiff's alleged damages. Defendant further introduced evidence that defendant's pilot could have suffered a sudden physical incapacitation that caused the crash. "The established policy of this State—declared in both the constitution and statutes—is that the credibility of testimony is for the jury, not the court, and that a genuine issue of fact must be tried by a jury unless this right is waived." *Cutts v. Casey*, 278 N.C. 390, 421, 180 S.E. 2d 297, 314 (1971). The trial court did not err in denying plaintiff's motion for a directed verdict.

"The propriety of granting a motion for judgment notwithstanding the verdict is determined by the same considerations as that of a motion for a directed verdict. . . ." *Dickinson v. Pake*, 284 N.C. 576, 584, 201 S.E. 2d 897, 903 (1974). We cannot say that, considering the evidence in the light most favorable to defendant, plaintiff was entitled to a judgment notwithstanding the verdict. Since plaintiff failed to discuss in its brief the trial court's denial of its motion for a new trial, this question raised by Assignment of Error No. 7 is deemed abandoned. *See* Rule 28(a) of the North Carolina Rules of Appellate Procedure. Assignments of Error Nos. 6 and 7 are without merit.

Plaintiff next contends "the trial court committed reversible error when it excluded plaintiff's expert pilot's opinion that, based on a reasonable certainty, the pilot of defendant's aircraft did not exercise reasonable care and was not incapacitated during the approach to land but allowed defendant's lay witnesses to express speculative opinions on a variety of topics." This argument is based on Assignments of Error Nos. 3, 4 and 5 which are set out in the record as follows:

> 3. The trial court erred in not allowing plaintiff's expert witness, Velta S. Benn, to testify as to her opinion that the pilot had not suffered any physical incapacitation, while allowing defendant's witnesses Gary Barrier, and Gene Love

to testify as to their opinion that the pilot had suffered some form of incapacitation.

4. The trial court erred in not allowing plaintiff's expert, Velta S. Benn, to testify regarding her opinion as to whether or not the pilot had exercised reasonable care in the operation of the airplane.

5. The trial court erred in permitting defendant's witness, Wendell Karr, to testify over plaintiff's objections regarding an incident that occurred in which he passed out while piloting an airplane during the early 1950's.

Assignment of Error No. 3 is in violation of Rule 10(c) of the North Carolina Rules of Appellate Procedure which states that each assignment of error "shall state plainly and concisely and without argumentation the basis upon which error is assigned. . . ." This assignment of error is argumentative and not concisely stated. More importantly, all three of these assignments of error are not supported by exceptions duly noted in the record or transcript and thus present no question for review. *See* Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure.

By Assignments of Error Nos. 1-5 plaintiff contends "the trial judge's incorrect evidentiary rulings constituted reversible error because they seriously prejudiced the jury's ability objectively to evaluate the evidence." These assignments of error are not supported by exceptions duly noted in the record or transcript as required by Rule 10(b)(1). Also, these assignments of error merely repeat what plaintiff has argued in its earlier contentions. Therefore, they present no question for review and are without merit.

The judgments of a trial court are presumed to be correct, and the burden is on the appellant to rebut the presumption of verity. The Rules of Appellate Procedure, if followed, provide an appealing party a means by which it can properly attack judgments, orders, and rulings of a trial court in order to show prejudicial error. If the appealing party fails to properly utilize the Rules of Appellate Procedure, the presumption of verity will not be overcome, and the appellate courts will not search the record or the transcript in order to reverse the judgments, orders and rulings of a trial court having proper jurisdiction.

Newton v. Ohio Casualty Ins. Co.

In light of our disposition of plaintiff's appeal, it is unnecessary for us to discuss defendant's cross-assignment of error to the court's denial of defendant's motion for a directed verdict on plaintiff's claim for consequential damages at the close of all of the evidence.

No error.

Judges ARNOLD and WELLS concur.