ARDEN EQUIPMENT COMPANY, INCORPORATED v. LILLIE MAE RHODES
AND BILLY RICHARD RHODES

No. 8128SC316

(Filed 19 January 1982)

1. **Uniform Commercial Code § 46— sale of collateral—inadequacy of price—commercial reasonableness—genuine issue of material fact**

   In an action to recover a deficiency judgment, the evidence on a motion for summary judgment presented a genuine issue of material fact as to whether the sale of the secured chattel, a backhoe, was commercially reasonable where the only evidence as to the manner of sale showed that the backhoe was sold by the creditor bank to plaintiff for $4,500; plaintiff offered evidence that the backhoe was worth $4,500; and defendant offered evidence that the backhoe should have brought around $10,000 at the time of sale and that a sales representative for plaintiff said the backhoe "was worth what was owed on it."

2. **Uniform Commercial Code § 45— agreement not to seek deficiency judgment—absence of consideration**

   An alleged agreement that no deficiency judgment would be sought if defendant debtor would not contest the repossession of the secured chattel, a backhoe, was not supported by consideration where all the evidence showed that the creditor bank was entitled to possession of the backhoe.

APPEAL by defendants from *Allen, Judge.* Judgment entered 31 October 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 23 October 1981.

In this action the plaintiff seeks a judgment for $6,106.45 plus interest based on a note which defendants had given to the plaintiff. The defendants filed an answer in which they denied the material allegations of the complaint and pled as an affirmative defense that the note was given as a part of a financing agreement to purchase a backhoe and the parties had verbally agreed that if the defendants would voluntarily surrender the backhoe to the plaintiff, the plaintiff would not seek a money judgment against the defendants. The defendants also alleged that the backhoe had been sold for less than its value.

The plaintiff made a motion for summary judgment which it supported with affidavits of C. E. Shope, president of plaintiff, and J. W. Parker, collection manager of the Bank of Asheville. These affidavits showed the Bank of Asheville had possession of

the note and the defendants were delinquent in their payments, that the bank gave notice to the defendant that the backhoe would be sold at private sale, and the backhoe was sold at private sale to the plaintiff for $4,500.00 leaving a deficiency on the note of $6,106.45. The plaintiff purchased the note from the bank. C. E. Shope said in his affidavit that he submitted a bid on behalf of plaintiff of $4,500.00 which he believed was a reasonable fair market price for the backhoe in its condition then.

Billy Richard Rhodes and Mr. Shope testified at the hearing on the motion for summary judgment. Mr. Rhodes testified that John Warren, whom Mr. Shope stated was the sales representative for plaintiff at the time, told Mr. Rhodes "that if we would release the backhoe to the Bank of Asheville, that the backhoe was worth what was owed on it and we shouldn't have any problem." He testified further that after being told this, he called the bank and told them he would not contest the repossession. Mr. Rhodes also testified the backhoe "should have brought around $10,000.00 at the sale."

The court granted the plaintiff's motion for summary judgment and the defendants appealed.

*Van Winkle, Buck, Wall, Starnes and Davis, by Albert L. Sneed, Jr., for plaintiff appellee.*

*Donald O. Mayer for defendant appellants.*

WEBB, Judge.

[1] In his first assignment of error, the defendant contends there was a genuine issue of a material fact under G.S. 25-9-504 which provides in part:

(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing.

\* \* \*

(3) Disposition of the collateral may be by public or private proceedings and may be made by one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and any place and on any terms but

every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.

The defendants argue that there is an issue as to whether the sale was made in a commercially reasonable manner. There have been several cases decided by this Court on the question of whether the sale by a creditor of a secured chattel is commercially reasonable. *See Allis-Chalmers Corp. v. Davis*, 37 N.C. App. 114, 245 S.E. 2d 566 (1978); *Credit Co. v. Concrete Co.*, 31 N.C. App. 450, 229 S.E. 2d 814 (1976) and *Hodges v. Norton*, 29 N.C. App. 193, 223 S.E. 2d 848 (1976). For a well-reasoned comment on this subject, see Dunn, "The Standard of Commercial Reasonableness in the Sale of Repossessed Collateral by Secured Creditors in North Carolina", 15 Wake Forest L. Rev. 71 (1979). In order to recover a deficiency judgment against the defendants, the burden of proof is on the plaintiff to show the sale of the secured chattel was commercially reasonable.

In the instant case there is little evidence in the record as to the manner of the sale by the bank except that it was sold to the plaintiff at private sale for $4,500.00. The plaintiff offered evidence that the backhoe was worth $4,500.00. The defendants offered evidence through the testimony of Mr. Rhodes that John Warren, a sales representative for the plaintiff, said the backhoe was "worth what was owed on it." Mr. Rhodes testified that in his opinion the backhoe "should have brought around $10,000.00 at the time of the sale." This testimony as to Mr. Warren's statement and Mr. Rhodes' opinion as to the value of the backhoe was evidence that the sales price was grossly inadequate. We held in *Allis-Chalmers Corp. v. Davis, supra*, that evidence of a grossly inadequate sales price was evidence of unreasonable terms so that a directed verdict for the secured party was in error. In this case there was not sufficient evidence of the "manner, time, place, and terms" so that if the evidence had been offered at trial it would have required a directed verdict for the plaintiff. It was error to grant the plaintiff's motion for summary judgment. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979).

[2]  The defendants also argue that it was error to grant the motion for summary judgment because they offered evidence that there was an agreement that if the defendant would not contest

the repossession of the backhoe, no deficiency judgment would be sought. All the evidence showed the bank was entitled to possession of the backhoe. There was no consideration to support this agreement. *See Tile and Marble Co. v. Construction Co.*, 16 N.C. App. 740, 193 S.E. 2d 338 (1972).

Reversed and remanded.

Judges MARTIN (Robert M.) and WELLS concur.