CITY NATIONAL BANK v. JOE ROJAS

No. 8226DC1090

(Filed 4 October 1983)

**Uniform Commercial Code § 31— summary judgment for bank as holder in due course proper**

In an action by plaintiff bank to recover monies due from defendant on dishonored personal checks written by defendant on an account which he thereafter closed, the trial court properly entered summary judgment for plaintiff where plaintiff introduced an affidavit establishing good faith to which defendant failed to respond, and where there was no other dispute regarding plaintiff bank's status as a holder in due course. G.S. 21-1-201(19), G.S. 25-3-302, and G.S. 25-3-305.

APPEAL by defendant from *Lanning, Judge.* Judgment entered 26 July 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 1 September 1983.

This is an action by plaintiff bank to recover moneys due from defendant on dishonored personal checks written by defendant on an account which he thereafter closed. Sometime before June 22, 1981, defendant met with Mr. James Watters, an officer of plaintiff bank, to discuss investing in a corporation to be formed by Chuck Majors, allegedly a banking and personal friend of Mr. Watters. Majors' business, Major Industries, Inc., had an account with plaintiff bank.

On June 22, 1981, defendant delivered to Chuck Majors a check in the amount of $2,500.00 allegedly for investment purposes. The check was drawn on defendant's First Union National Bank checking account and payable to Major Industries. The check was deposited into Major Industries' checking account with plaintiff bank. Shortly thereafter, several checks drawn on the Major Industries' account were presented and paid by plaintiff bank. Payment of these checks exhausted the balance of the Major Industries' account at plaintiff bank including the $2,500.00 on

deposit from the defendant's check. Plaintiff bank presented the defendant's check for $2,500.00 payable to Major Industries to First Union for payment, but the check was returned for insufficient funds.

When defendant was notified that his $2,500.00 check had been returned, he delivered to plaintiff bank three checks drawn on his First Union account and payable to plaintiff bank in the amounts of $700.00 (dated July 8, 1981), $700.00 (dated August 10, 1981), and $1,100.00 (dated September 10, 1981). Defendant's first check for $700.00 was presented to and paid by First Union. Sometime later but before August 11, 1981, defendant closed his checking account at First Union. Upon presentment the two remaining checks were returned to plaintiff bank unpaid.

Plaintiff bank instituted this action to recover $1,800.00 for the two unpaid checks. Defendant cross-claimed to recover $700.00 for the check that was paid, alleging that Watters induced him to invest in Majors' corporation. On July 28, 1982, plaintiff's motion for summary judgment was granted and defendant's counterclaim was dismissed. From a judgment for $1,800.00 plus costs, defendant appeals.

*Dorian H. Gunter, for plaintiff-appellee.*

*Larry Thomas Black, for defendant-appellant.*

EAGLES, Judge.

Defendant contends that the trial court erred in granting summary judgment on plaintiff's complaint and in dismissing defendant's counterclaim. We disagree.

Summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). For a moving party's motion for summary judgment to be granted, the movant must produce a forecast of evidence which is sufficient, if considered alone, to compel a verdict in his favor as a matter of law. Failure of the non-moving party to counter the effect of the movant's forecast by his own forecast of evidence will result in a

judgment against him. *Cockerham v. Ward and Astrup Co. v. West Co.*, 44 N.C. App. 615, 618, 262 S.E. 2d 651, 654 (1980).

Defendant contends that there is an issue of fact concerning plaintiff bank's "good faith," which is necessary to establish the bank's status as a holder in due course of the $2,500.00 check. To qualify as a holder in due course, plaintiff bank must have been a holder who took the check for value, in good faith, and without notice that it was overdue, had been dishonored, or of any defense against or claim to it. G.S. 25-3-302. If the plaintiff bank was a holder in due course, then it took the check free of all claims to it by any person and free of all defenses of any party to the check (except for real defenses, which do not apply here). G.S. 25-3-305. In its pleadings and affidavits, plaintiff bank presented a forecast of evidence which when considered alone, would compel a verdict in its favor as a matter of law. Defendant then was required to produce a forecast of evidence to show a genuine issue of fact concerning plaintiff bank's status as a holder in due course of the $2,500.00 check. If defendant failed to do so, plaintiff bank took the check free of all claims and defenses, and summary judgment would have been properly granted.

Regarding plaintiff bank's status as a holder in due course, defendant questions only the issue of good faith. A bank has exercised good faith if it has exercised honesty in fact in the conduct or transaction concerned. G.S. 25-1-201(19). In support of its motion for summary judgment, plaintiff bank produced the affidavit of James Watters, showing that Mr. Watters acted as a representative of the bank "for the purpose of representing to the defendant Major Industries' financial position." Mr. Watters gave defendant "the full benefit of any knowledge (he) had with respect to the financial position of Major Industries." Defendant produced no affidavits or other forecast of evidence to rebut plaintiff's forecast. Defendant relied on allegations in his answer that Mr. Watters, a bank officer, "by reason of his fiduciary relationship with the defendant persuaded and induced defendant" to invest in Majors' corporation and that Majors was a "banking and personal friend of Mr. Watters." There were no allegations of bad faith and no forecast of evidence presented by defendant that plaintiff bank failed to exercise honesty in fact in this transaction.

To rebut the movant's claim that there is no genuine issue of material fact presented, the non-moving party may not rest on

the allegations of his pleadings, but must, by affidavits or otherwise, set forth specific facts to show that there is an issue for trial. *Cockerham,* 44 N.C. App. at 618, 262 S.E. 2d at 654. Defendant failed to respond to plaintiff bank's forecast of evidence with his own forecast and instead rested on the allegations of his pleadings. Defendant failed to set forth specific facts to show that there was a genuine issue as to plaintiff bank's good faith. Since there was no genuine issue of material fact as to good faith and there were no other facts in dispute regarding plaintiff bank's status as a holder in due course, plaintiff bank took the check as a holder in due course free of all claims and defenses (except real defenses) as a matter of law. Summary judgment against defendant and dismissal of defendant's counterclaim were properly granted.

Affirmed.

Judges ARNOLD and WELLS concur.