PARKS CHEVROLET, INC. v. VEOLA WATKINS

No. 8421DC1040

(Filed 21 May 1985)

**Uniform Commercial Code § 46— sale of repossessed automobile—commercial reasonableness—summary judgment for creditor improper**

Summary judgment was improperly granted for plaintiff automobile dealer where plaintiff sought a deficiency judgment after resale of defendant's repossessed automobile and defendant answered and counterclaimed that plaintiff's sale had not been commercially reasonable. Plaintiff had conducted a private resale so that no presumption of commercial reasonableness arose and the court made its determination that the resale was commercially reasonable based on the uncorroborated assertions of plaintiff; because reasonable minds may differ over the application of a standard such as commercial reasonableness, this determination is inherently a jury question which does not readily lend itself to summary judgment. G.S. 25-9-504(3), G.S. 25-9-601 *et seq.*

APPEAL by defendant from *Alexander, Judge.* Judgment entered 18 May 1984, District Court, FORSYTH County. Heard in the Court of Appeals 8 May 1985.

Plaintiff filed this civil action seeking payment of a deficiency balance due after the resale of defendant's repossessed automobile. Defendant answered and counterclaimed, asserting that plaintiff's sale of the repossessed automobile was not conducted in a commercially reasonable manner as required by N.C.G.S. 25-9-504(3), that the sale constituted an unfair trade practice under N.C.G.S. 75-1.1, and therefore that plaintiff's complaint should be dismissed and defendant allowed to collect appropriate damages. Plaintiff moved for summary judgment, supporting its motion with the pleadings and discovery on file and an affidavit from Mr. Parks, president of plaintiff corporation, stating that the resale was conducted in conformity with reasonable commercial practices. Defendant responded with an affidavit of her own in which she asserted that the resale of the repossessed automobile was not conducted in the proper manner. After a hearing on the motion the court allowed summary judgment for the plaintiff and dismissed defendant's counterclaims with prejudice. Defendant appealed.

*Frye and Porter, by James M. Stanley, Jr., for plaintiff, appellee.*

*Legal Aid Society of Northwest North Carolina, Inc., by Susan Gottsegen, for defendant, appellant.*

HEDRICK, Chief Judge.

The following facts are not in dispute: On 5 November 1979, plaintiff Parks Chevrolet, Inc., contracted to sell a used 1977 Monte Carlo to Cornell Donald Wright, defendant's son. The car was financed with a $3,500.00 installment note which defendant co-signed. Plaintiff retained an interest in the automobile as security for the loan. On 9 December 1981 defendant refinanced the automobile, executing a contract in the face amount of $3,969.54 payable in 27 monthly installments of $147.02. Defendant defaulted on the loan and on 8 March 1982 plaintiff repossessed the automobile while it was in plaintiff's possession for repairs. On 11 May 1982 plaintiff sold the automobile to a wholesaler for $1,330.00, leaving a deficiency balance of $1,519.53.

The dispositive issue on appeal is whether the court was in error when it granted summary judgment for the plaintiff and dismissed defendant's counterclaim when the issue of the commercial reasonableness of the resale of defendant's automobile remained unresolved between the parties. A secured party's right to dispose of collateral after default is governed by the Uniform Commercial Code, N.C.G.S. Chapter 25. Defendant argues that granting summary judgment to a creditor who seeks a deficiency from a private sale is appropriate only when the creditor proves that there is no dispute that the sale was commercially reasonable, and that here the creditor has failed to meet that burden. Plaintiff counters that Mr. Parks' affidavit shows that the sale was in conformity with the statutory requirements for the resale of repossessed collateral. Further, plaintiff argues that defendant has brought forth "not a shred of evidence" to show the sale was not reasonable.

When the party with the burden of proof moves for summary judgment he must show that there are no genuine issues of fact, that there are no gaps in his proof, that no inferences inconsistent with his recovery arise from the evidence, and that there is no standard that must be applied to the facts by the jury. The party with the burden of proof who moves for summary judgment supported only by his own affidavits will ordinarily not be able to meet these requirements and thus will not be entitled to summary judgment. *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976).

In the present case defendant challenged the commercial reasonableness of the private resale of the repossessed automobile. G.S. 25-9-504(3) provides that a secured party may dispose of collateral after default, "but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." In order to recover a deficiency judgment against a defendant, the burden of proof is on the plaintiff to show the sale of the collateral was commercially reasonable. *Arden Equipment Co. v. Rhodes*, 55 N.C. App. 470, 285 S.E. 2d 874 (1982). If the secured creditor disposes of the collateral at a public sale as directed in G.S. 25-9-601 *et seq.*, a conclusive presumption of commercial reasonableness is created. *Credit Co. v. Concrete Co.*, 31 N.C. App. 450, 229 S.E. 2d 814 (1976). Absent the establishment of the conclusive presumption through a public sale in compliance

with G.S. 25-9-601 *et seq.*, commercial reasonableness presents a factual issue to be determined by the jury in light of the relevant circumstances of each case. *Id.* at 458, 229 S.E. 2d at 820.

In the present case, plaintiff made a private resale of the repossessed collateral; therefore no presumption of commercial reasonableness arises. The court made its determination that the resale was commercially reasonable based on the uncorroborated assertions of plaintiff. The burden of proof was on the plaintiff to bring forth evidence in support of every element of its claim. Plaintiff presented little evidence as to the manner of the resale other than its statement that plaintiff sold the automobile to a wholesaler for $1,330.00. In granting summary judgment for plaintiff the court improperly concluded that the evidence presented was sufficient to establish the commercial reasonableness of the resale as a matter of law. Because reasonable minds may differ over the application of a standard such as commercial reasonableness, this determination is inherently a jury question which does not readily lend itself to summary judgment. For the reasons cited above, the court improperly granted summary judgment for the plaintiff. Summary judgment for the plaintiff is vacated and the case is remanded for trial.

Vacated and remanded.

Judges WEBB and WHICHARD concur.