**STEWART OFFICE SUPPLIERS, INC. v. FIRST UNION NAT. BANK**

[97 N.C. App. 353 (1990)]

STEWART OFFICE SUPPLIERS, INC. v. FIRST UNION NATIONAL BANK

STEWART OFFICE SUPPLIERS, INC. v. SOUTHERN NATIONAL BANK OF NORTH CAROLINA

Nos. 8926SC163
8926SC289

(Filed 20 February 1990)

1. **Uniform Commercial Code § 36 (NCI3d)— conversion of checks—restrictive endorsements—summary judgment for defendants**

   The trial court erred by granting summary judgment for defendant Southern National in an action for conversion for paying checks inconsistent with a restrictive endorsement where both endorsements contained the language "For Deposit Only" and were restrictive endorsements under N.C.G.S. § 25-3-205(c). Defendant's transactions were done in good faith, but determination of commercial reasonableness is inherently a jury question which does not readily lend itself to summary judgment. While the test for commercial reasonableness in *Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, was under Art. 9, the same test should apply to all commercial transactions under Chapter 25.

   **Am Jur 2d, Bills and Notes §§ 362, 408.**

2. **Uniform Commercial Code § 36 (NCI3d)— breach of restrictive endorsement—summary judgment for defendant bank—improper**

   The trial court erred by granting summary judgment for defendant Southern National for breach of restrictive endorsements; upon a proper showing, a plaintiff may recover for conversion and breach of restriction when a restrictive endorsement is violated. N.C.G.S. § 25-3-419(3).

   **Am Jur 2d, Bills and Notes §§ 362, 408.**

3. **Uniform Commercial Code § 36 (NCI3d)— wrongful negotiation of instrument—conversion—restrictive endorsement—evidence insufficient**

   The trial court did not err by granting summary judgment for defendant First Union on an action for wrongful negotiation

STEWART OFFICE SUPPLIERS, INC. v. FIRST UNION NAT. BANK

[97 N.C. App. 353 (1990)]

of instrument and conversion where the record did not contain the endorsements appearing on those checks and there was nothing in the record to dispute the trial court's findings that the endorsements were not restrictive.

**Am Jur 2d, Bills and Notes §§ 362, 408.**

4. **Uniform Commercial Code § 31 (NCI3d) — conversion — breach of restrictive endorsement — holder in due course doctrine — not applicable**

The trial court did not err by granting summary judgment for defendants Southern National and First Union in an action seeking the proceeds from negotiated instruments where plaintiff claimed status as the holder in due course but Key had the responsibility for filling plaintiff's customers' orders and was assigned plaintiff's accounts receivable as compensation, so that Key, not plaintiff, gave value for the checks. Moreover, plaintiff had executed a binding agreement which gave Key a claim against plaintiff's accounts receivable so that plaintiff had notice of adverse claims against its accounts receivable.

**Am Jur 2d, Bills and Notes §§ 334, 345.**

5. **Rules of Civil Procedure § 15.1 (NCI3d) — amendment of complaint — denied — no abuse of discretion**

The trial court did not abuse its discretion in an action seeking the proceeds from negotiated instruments by denying plaintiff's motion to amend its complaint to add claims for unfair or deceptive trade practices where those allegations were not made in the initial complaint and plaintiff made no showing of excuse for the delay in pleading them.

**Am Jur 2d, Pleading §§ 310, 311, 312.**

Judge JOHNSON concurring.

Judge GREENE concurring in part and dissenting in part.

APPEAL by plaintiff from order entered 6 December 1988 by *Judge Frank Snepp* in MECKLENBURG County Superior Court granting defendant First Union's motion, and order entered 7 December 1988 granting defendant Southern National's motion. Heard in the Court of Appeals 14 September 1989.

This is an appeal from orders granting defendants' motions for summary judgment in two separate cases involving identical

issues. Since the actions involve the same issues, plaintiff's appeals have been consolidated here.

Plaintiff Stewart Office Suppliers, Inc. (hereinafter S.O.S.), a minority owned corporation in Charlotte, North Carolina, sells and distributes office supplies. On 11 August 1986 plaintiff entered into an agreement with T & S Office Supplies, Inc. d/b/a Key Office Products (hereinafter Key) whereby Key was authorized to "negotiate any check, draft or other commercial paper given by third parties in satisfaction of debits on such third party's account attributable to orders received by Stewart."

In his deposition, Frederick Stewart, plaintiff's President, admitted that plaintiff had given Key authority to negotiate checks in the agreement, but asserted that the agreement had been cancelled on the next day. Despite this cancellation, Stewart said plaintiff continued to operate under the agreement because it had no other choice and had products to move. After entering this agreement plaintiff physically relocated its bookkeeper and warehouseman to offices operated by Key. After this, no checks from plaintiff's accounts receivable were deposited in plaintiff's account at Mechanics and Farmer's Bank until November and December 1986. In Stewart's deposition, he explained that the only reason the accounts receivable checks were deposited in the S.O.S. account in Mechanics & Farmers Bank during November and December 1986 was because at that time S.O.S. had stopped dealing with Key altogether and was involved in litigation with Key. Stewart also stated that he did not know where the checks were being deposited during the months other than November and December 1986 since the bills sent to customers instructed them to mail payment to Key.

Plaintiff then entered into another contract with Key on 5 January 1987 and the pending litigation was dismissed. This contract provided that "[a]ll accounts receivable after 9 January 1987 are to be assigned to and received by T & S Office Supplies." The agreement also provided that Key would be "responsible for all expenses related to the purchase and delivery of orders for Stewart Office Supplies and office activities." Plaintiff stated that following execution of this agreement Key and S.O.S. each paid some expenses.

During the spring of 1987 plaintiff discovered that defendant First Union National Bank (hereinafter First Union) was negotiating some of the accounts receivable checks. Plaintiff then had its at-

torney write a letter dated 11 February 1988 informing First Union that plaintiff had learned that First Union had negotiated checks without authority.

Plaintiff brought a separate action against each defendant seeking the proceeds from the negotiated instruments. After defendants answered, plaintiff moved for judgment on the pleadings or in the alternative summary judgment. In the action against First Union the trial court denied plaintiff's motion and granted defendant First Union's motion for summary judgment. The trial court did so on the grounds that the checks payable to plaintiff and deposited in the account of T & S Office Supplies at First Union National Bank did not contain restrictive indorsements, that the indorsement and deposit of the checks were fully authorized by the plaintiff and that the defendant acted in a commercially reasonable manner. The trial court also granted defendant Southern National's motion for summary judgment in the second action on the grounds that the "pleadings, answers to interrogatories, and the admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law." Plaintiff appeals in each case.

*Lawrence U. Davidson, III for plaintiff-appellant.*

*Perry, Patrick, Farmer & Michaux, by Roy H. Michaux, Jr., for defendant-appellee First Union National Bank.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and Craig T. Lynch, for defendant-appellee Southern National Bank.*

EAGLES, Judge.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." G.S. 1A-1, Rule 12(c).

On this record, we conclude that summary judgment in favor of defendant Southern National was erroneous on the conversion

STEWART OFFICE SUPPLIERS, INC. v. FIRST UNION NAT. BANK

[97 N.C. App. 353 (1990)]

and breach of contract claims. We affirm the lower court's holding with respect to all other claims against Southern National and all claims against defendant First Union.

I. Conversion and Breach of Restrictive Indorsement Claims

A. Claims Against Defendant Southern National

[1]   The plaintiff first assigns as error the trial court's determination that defendant Southern National was not liable for conversion and breach of restrictive indorsement to plaintiff as a matter of law for paying checks inconsistent with the restrictive indorsement. Plaintiff argues that the trial court erred in granting summary judgment for defendant Southern National based on the Bank's contention that there was not a material issue of fact in dispute. Plaintiff agrees that the facts were not in dispute but asserts that they warranted summary judgment in plaintiff's favor. Plaintiff asserts that the entry of summary judgment for the bank is contrary to an admission by defendant Southern National and the plain language of G.S. 25-3-205(c). Plaintiff points out that defendant admitted in its answer that it was "a federally chartered Bank and received certain checks for deposit which were made payable to the order of the plaintiff and which bore varying restrictive indorsements." After careful review of the record, we agree with plaintiff and accordingly reverse the summary judgment for the defendant Southern National on the conversion and breach of contract claims.

We note initially that General Statutes Chapter 25, the Uniform Commercial Code, governs commercial transactions in North Carolina. Chapter 25 begins with these general guidelines: "(1) This chapter shall be liberally construed and applied to promote its underlying purposes and policies. (2) Underlying purposes and policies of this chapter are (a) to simplify, clarify and modernize the law governing commercial transactions; (b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties; (c) to make uniform the law among the various jurisdictions." G.S. 25-1-102.

G.S. 25-3-205(c) provides that an indorsement is restrictive if it includes *inter alia* the words "for deposit" or "like terms signifying a purpose of deposit or collection." G.S. 25-3-205. Also, G.S. 25-3-419(3) provides that:

Subject to the provisions of this chapter concerning restrictive indorsements a representative, including a depository or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.

Here, the record from the Southern National case includes a photostatic copy of a check which does in fact bear varying stamped restrictive indorsements. On the back of a check made payable to S.O.S. the following stamped indorsements appear:

(1) Stewart Office Suppliers
    For Deposit Only

(2) For Deposit Only
    Acct.: Illegible

Since both of the indorsements contain the language "For Deposit Only," under G.S. 25-3-205(c) they are restrictive indorsements. They are the "varying restrictions" admitted by the defendant.

However, in order to hold defendant Southern National liable for "conversion or otherwise" plaintiff must show that defendant did not act with good faith or failed to use reasonable commercial standards.

G.S. 25-1-201(19) defines good faith as "honesty in fact in the conduct or transaction concerned." The defendant Southern National knew of the contractual arrangement between the parties and acted in reliance on the contractual arrangement. Scott Anderson, an officer of Southern National, stated that he was "aware of the business relationship and contractual agreement." He stated he knew that S.O.S. solicited orders for office products which LVP Corporation would fill and that S.O.S.'s accounts receivable were assigned to LVP Corp. in return for a certain percentage of commission for sales. From that we conclude its transactions with Key were done in good faith.

With respect to the commercial reasonableness, this court held in *Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, 329 S.E. 2d 728 (1985) that "commercial reasonableness presents a factual issue to be determined by the jury in light of the relevant cir-

cumstances of each case." *Id.* at 722, 329 S.E. 2d at 728, citing *ITT-Industrial Credit Co. v. Milo Concrete Co., Inc.*, 31 N.C. App. 450, 458, 229 S.E. 2d 814, 820 (1976). In *Parks* the defendant appealed on the issue of whether the resale of his automobile was commercially reasonable citing G.S. 25-9-504(3) which provided that every aspect of the disposition of collateral after default "including the method, manner, time, place and terms must be commercially reasonable." *Id.* at 721, 329 S.E. 2d at 730. While the test *Parks* articulated for commercial reasonableness was under Article 9, the same test should apply to all commercial transactions under Chapter 25. "Because reasonable minds may differ over the application of a standard such as commercial reasonableness, this determination is inherently a jury question which does not readily lend itself to summary judgment." *Id.* at 722, 329 S.E. 2d at 730.

[2]   Secondly, plaintiff argues that the trial court erred in allowing summary judgment for defendant Southern National on the issue of breach of restrictive indorsement. Our research discloses no North Carolina cases addressing whether an action exists for breach of restrictive indorsement in these circumstances. We hold that upon a proper showing, a plaintiff may recover for conversion and breach of restriction when a restrictive indorsement is violated. *See Mid-Atlantic Tennis Courts, Inc. v. Citizens Bank and Trust Co.*, 658 F. Supp. 140 (D. Md. 1987). However, we note that G.S. 25-3-419(3) provides liability for conversion or *otherwise* will not exist beyond the amount of any proceeds remaining in his hands if the depository bank acted in "good faith and in accordance with the reasonable commercial standards applicable to the business."

Accordingly, we reverse the trial court's entry of summary judgment for defendant Southern National and remand the cause for further proceedings on the issues of conversion and breach of restrictive indorsement.

### B.   Claims Against Defendant First Union

[3]   Initially, we note that the same principles of law would apply to plaintiff's claim of wrongful negotiation of instrument against defendant First Union. However, the record before us does not include the reverse sides of the checks found in Exhibit One that were made payable to S.O.S. The record does not contain evidence to indicate the indorsements appearing on those checks. There is nothing in the First Union record to dispute the trial court's findings that the indorsements there were not restrictive. Where

there is no evidence of record that the indorsements are restrictive, the jury determination of commercial reasonableness required to resolve the claim against Southern National is not necessary here. Accordingly, on the issues of conversion and wrongful negotiation of an instrument, we affirm the court below with respect to defendant First Union.

## II.   Holder in Due Course

[4]   Next, plaintiff contends that the trial court committed reversible error in denying its motion for summary judgment because as payee it is a holder in due course and this status cuts off any defenses raised by defendant bank First Union and defendant bank Southern National. We disagree.

"To qualify as a holder in due course, plaintiff . . . must have been a holder who took the check for value, in good faith, and without notice that it was overdue, had been dishonored, or of any defense against or claim to it." *City National Bank v. Rojas*, 64 N.C. App. 347, 349, 307 S.E. 2d 387, 389 (1983), citing G.S. 25-3-302. If the plaintiff is a holder in due course, he takes a check free from all claims to it or all defenses against it by any party. *Id.*, citing G.S. 25-3-305. In order to show that summary judgment was improperly granted for the defendant Bank, plaintiff is required to produce a forecast of evidence to show that no genuine issue of fact exists to plaintiff's status as a holder in due course.

Here, plaintiff was not responsible for filling its customers' orders. Instead, Key had this responsibility and in return was assigned plaintiff's accounts receivable as compensation. Here Key, not plaintiff, gave value for the checks. Even if plaintiff's role as a solicitor of orders could be considered value, plaintiff fails to meet another criterion of the holder in due course test. Since plaintiff and Key had executed a binding agreement which gave Key a claim against plaintiff's accounts receivable, plaintiff could not be a holder in due course because it had notice of adverse claims as to its accounts receivable.

Because plaintiff has failed to produce a forecast of evidence establishing its status as holder in due course, this assignment of error must fail.

## III.   Motion to Amend

[5]   Finally, plaintiff assigns as error the trial court's denial of a motion to amend its complaint in each separate action. Plaintiff

STEWART OFFICE SUPPLIERS, INC. v. FIRST UNION NAT. BANK

[97 N.C. App. 353 (1990)]

contends that it filed its motion to amend in a timely fashion. The proposed amendment alleged a claim for unfair and deceptive trade practices. Plaintiff argues that the trial court erred in denying its motion. We disagree.

We note that "Rule 15(a) gives the trial court broad discretion in determining whether leave to amend will be granted after the time for amending as a matter of course has expired." *Tyson v. Ciba-Geigy Corp.*, 82 N.C. App. 626, 629, 347 S.E. 2d 473, 476 (1986), citing *Willow Mountain Corp. v. Parker*, 37 N.C. App. 718, 247 S.E. 2d 11, *disc. rev. denied*, 295 N.C. 738, 248 S.E. 2d 867 (1978). "The denial of such a motion is not reviewable absent a clear showing of abuse of discretion." *Id.*, citing *Carolina Garbage, Inc. v. Holston*, 40 N.C. App. 400, 253 S.E. 2d 7 (1979).

Here, plaintiff has attempted to amend its complaint to bring an allegation of unfair and deceptive trade practices. These allegations were not brought in the initial complaint and plaintiff made no showing of excuse for the delay in pleading them. We find no abuse of discretion. Accordingly, this assignment of error must fail.

For the foregoing reasons the summary judgment in favor of defendant First Union National Bank is affirmed. The summary judgment in favor of defendant Southern National Bank is reversed and remanded for further proceedings not inconsistent with this opinion.

As to First Union—affirmed.

As to Southern National—reversed and remanded.

Judge JOHNSON concurs.

Judge GREENE concurs in part and dissents in part.

Judge JOHNSON concurring.

I concur with all of the majority opinion, but write separately to add to and advance the conclusion that the order granting summary judgment in favor of the defendant Southern National Bank must be reversed.

G.S. sec. 25-3-205 provides that "an indorsement is restrictive [if it] includes the words . . . 'for deposit.'" The statute does not,

STEWART OFFICE SUPPLIERS, INC. v. FIRST UNION NAT. BANK
[97 N.C. App. 353 (1990)]

however, specify additional words which must accompany the restrictive indorsement nor does it specify a particular order for such wording.

The restrictive indorsement

Stewart Office Suppliers
For Deposit Only

was stamped on the back of each check received by Stewart Office Suppliers, Inc. ("S.O.S.") from its customers. Key Office Products ("Key") thereafter stamped its bank account number on the back of each check, directly under the aforementioned restrictive indorsement. Southern National Bank ("Southern National") subsequently negotiated the checks for Key despite the stamped restrictive language which appeared above Key's indorsement.

I am of the opinion that both the unambiguous language used by S.O.S. and the use of the company stamp to create the indorsement placed Southern National on notice of the restrictive indorsement. The checks should have been negotiated only for deposit on behalf of S.O.S. Accordingly, Southern National paid the checks in a manner that was inconsistent with the restrictive indorsement.

Judge GREENE concurring in part and dissenting in part.

I first doubt whether the indorsement

Stewart Office Suppliers
For Deposit Only

was a restrictive indorsement as that term is used in N.C.G.S. § 25-3-205(c) (1986). The mere use of the words "For Deposit Only" *after* "Stewart Office Suppliers" is not a term, without more, which signifies a specific "purpose" as required by the statute. *Id.* The vagueness of the indorsement in question is reflected when contrasted with an indorsement reflecting a clear, specific purpose: For deposit only to account of Stewart Office Suppliers. In any event, as noted in Comment 5 to N.C.G.S. § 25-3-206, an indorsement "for deposit" "may be either special or blank." As the indorsement in question did not specify "to whom or to whose order" the instrument was payable, it was a blank indorsement. N.C.G.S. § 25-3-204(1) (1986). Therefore, while the check could be negotiated only for deposit, there was no restriction that it be deposited to the account of Stewart Office Suppliers. Accordingly, I find no

error in granting summary judgment for Southern National Bank who paid the check consistent with the second indorsement on the check which was clearly a special indorsement directing payment to a certain account.

As I fully concur with the majority in all other aspects of the opinion, I would vote to affirm the trial court in every respect.