VENTURE PROPERTIES I, LLC, Plaintiff-Appellee v. GRADY ANDERSON, Defendant-Appellant

No. COA 94-1338

(Filed 21 November 1995)

**1. Trial § 78 (NCI4th)— summary judgment—refusal to consider unverified answer—no error**

The trial court did not err in refusing to consider defendant's unverified answer filed on the morning of the hearing in granting plaintiff's motion for summary judgment, since N.C.G.S. § 1A-1, Rule 56 provides that a party opposing a motion for summary judgment may serve opposing affidavits prior to the date of the hearing and that certain verified pleadings may be treated as affidavits for the purpose of a summary judgment motion.

**Am Jur 2d, Summary Judgment § 20.**

**2. Trial § 92 (NCI4th)— summary judgment for plaintiff—no error**

The trial court did not err in granting summary judgment for plaintiff, the party with the burden of proof, where defendant failed to raise an issue of fact.

**Am Jur 2d, Summary Judgment § 15.**

**3. Landlord and Tenant § 38 (NCI4th)— Section 8 tenant— notice of termination of lease—sufficiency**

Notice of termination of a lease provided to defendant, who was a tenant pursuant to the Section 8 program, was sufficient to meet all the legal requirements where defendant was informed of the pending sale and lease termination in a meeting, then informed in a letter dated 17 May 1994 from the owner's attorney, and then sent a certified letter dated 19 May 1994 from the

Housing Authority which explained that 30 June 1994 would be the date of termination.

**Am Jur 2d, Landlord and Tenant §§ 230-232.**

**4. Appeal and Error § 194 (NCI4th)— summary ejectment— writ of possession—no entitlement to stay of execution**

Defendant was not entitled to a stay of execution of a writ of possession where defendant did not request the setting of a bond, post a bond as required to the effect that during his possession of such property he would pay the value of the use and occupation of the property, or otherwise make any attempt to comply with the requirements of N.C.G.S. § 1-292.

**Am Jur 2d, Appellate Review § 441.**

**Measure and amount of damages recoverable under supersedeas bond in action involving recovery or possession of real estate. 9 ALR3d 330.**

Judge MARTIN, Mark D., concurring in the result.

Appeal by defendant from order entered 16 August 1994 by Judge James M. Honeycutt in Iredell County District Court. Heard in the Court of Appeals 27 September 1995.

*Albert F. Walser for plaintiff-appellee.*

*Legal Aid Society of Northwest North Carolina, Inc., by Denise S. Hartsfield and Gloria L. Woods, for defendant-appellant.*

WALKER, Judge.

Defendant Grady Anderson rented a house owned by Minnie G. Gill pursuant to the Section 8 program. Under this program, the federal government pays the landlord a subsidy to supplement the rent paid by the tenant. On 11 June 1993, the tenant entered into an Assisted Lease Agreement which contained the following relevant provisions regarding termination:

The Landlord shall not terminate the tenancy except for: (i). Serious or repeated violation of the terms and conditions of the Lease; (ii). Violation of Federal, State, or local law which imposes obligations on a tenant in connection with the occupancy or use of the dwelling unit and surrounding premises; or (iii). Other

good cause. However, during the first year of the term of the lease, the Landlord may not terminate the tenancy for "other good cause" unless the termination is based on malfeasance or non-feasance of the Tenant Family. (2). The following are some examples of "other good cause" for termination of tenancy by the Landlord. . . . (v). A business or economic reason for termination of the tenancy (such as sale of property, renovation of the unit, desire to rent the unit at a higher rental). (emphasis omitted).

On 28 June 1994, the house was purchased by Venture Properties I, LLC (Venture) who has since razed the property for commercial development. The owner's attorney-in-fact, Jane Walker, sent a letter to Mr. Anderson, dated 17 May 1994, notifying him that the property was being sold and he would need "to make plans to move around the end of June." Prior to this letter, Mr. Anderson was personally notified by Mr. Bill Reaves that the property was going to be sold. On 19 May 1994, a certified letter from the Statesville Housing Authority was sent to defendant, as required by law, notifying him that the lease would terminate on 30 June 1994. Further, the letter provided that "the resident has the right to appeal this decision in writing within ten (10) days of the above date."

On 1 July 1994, Venture filed a complaint in summary ejectment, demanding possession of the house and money damages for plaintiff's alleged failure to pay the June 1994 rent. On 12 July 1994, a magistrate entered judgment for possession in favor of the plaintiff. Defendant appealed this decision to district court on 19 July 1994. Plaintiff subsequently filed a motion for summary judgment which was heard on 16 August 1994. On the morning of the hearing, defendant filed an unverified answer raising certain defenses and counterclaims. At the hearing later that day, the court refused to consider the pleadings of defendant in granting plaintiff's motion for summary judgment and ordering a writ of possession.

[1] Defendant assigns as error the trial court's failure to consider his pleadings in granting summary judgment for the plaintiff. We disagree.

Rule 56(c) of the North Carolina Rules of Civil Procedure provides that a party opposing a motion for summary judgment may serve opposing affidavits "prior to the date of hearing." N.C. Gen. Stat. § 1A-1, Rule 56 (1990). Here, the defendant did not respond to plaintiff's motion for summary judgment by affidavit but instead filed

**VENTURE PROPERTIES I v. ANDERSON**

[120 N.C. App. 852 (1995)]

only an unverified answer. Certain verified pleadings may be treated as affidavits for the purposes of a motion for summary judgment. *Huss v. Huss*, 31 N.C. App. 463, 466, 230 S.E.2d 159, 162 (1976). However, in order to properly consider verified pleadings in response to a motion for summary judgment such pleadings must meet the requirements of Rule 56(e). *Lowe's v. Quigley*, 46 N.C. App. 770, 773, 266 S.E.2d 378, 380 (1980). Rule 56(e) provides that "[s]upporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to·the matters stated therein." N.C. Gen. Stat. § 1A-1, Rule 56(e) (1990). Since defendant's pleadings were unverified, the trial court acted properly in refusing to consider them. *Page v. Sloan*, 281 N.C. 697, 190 S.E.2d 189 (1972). *See also, Lineberger v. Insurance Co.*, 12 N.C. App. 135, 136-139, 182 S.E.2d 643, 644 (1971) (holding that letters which are not under oath cannot be considered as a supporting or opposing affidavit in a motion for summary judgment).

**[2]** By his next assignment of error, defendant argues that the trial court improperly granted plaintiff's motion for summary judgment. Summary judgment is appropriate when the pleadings, depositions, interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact, and that the party is entitled to judgment as a matter of law. *Rose v. Guilford County*, 60 N.C. App. 170, 298 S.E.2d 200 (1982).

In urging this Court to reverse summary judgment, the defendant cites *Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, 329 S.E.2d 728 (1985) as support. In *Parks*, the plaintiff sought payment of a deficiency balance due after the resale of defendant's repossessed vehicle. *Id.* at 720, 329 S.E.2d at 729. The court stated that the party with the burden of proof would ordinarily not be entitled to summary judgment when supported only by his own affidavits. *Id.* However, in that case, the defendant answered and responded with an affidavit of her own in which she asserted that the resale of the vehicle was not conducted in the proper manner. *Id.* at 722, 329 S.E.2d at 730. On this basis the court determined that there was an issue of fact for the jury. *Id.* However, in the present case, defendant has failed to raise an issue of fact.

**[3]** Defendant further contends that plaintiff was not entitled to possession as a matter of law because plaintiff failed to provide the required notice of termination. Since the house was rented pursuant

to the Section 8 program, the following federal regulations govern the termination of its lease:

(c) *Notice of termination of tenancy.* (1) The Owner must serve a written notice of termination of tenancy on the Family which states the date the tenancy shall terminate....(2) The notice of termination must: (i) State the reasons for such termination with enough specificity to enable the Family to prepare a defense. (ii) Advise the Family that if a judicial proceeding for eviction is instituted, the tenant may present a defense in that proceeding.

24 C.F.R. § 882.511(c) (1993).

Here, defendant was informed of the pending sale and lease termination in a meeting with Bob Reaves, by letter dated 17 May 1994, from the owner's attorney-in-fact advising that the property was being sold, and in a certified letter dated 19 May 1994 from the Housing Authority which explained that 30 June 1994 would be the date of termination and that said action could be appealed within ten (10) days. It is clear from the provisions of the lease that the notice provided defendant stated an adequate ground for termination; namely, the pending sale of the property. Furthermore, after carefully reviewing this evidence, we find that the notice provided defendant was sufficient to meet all the legal requirements.

[4] In his next assignment of error, defendant argues that the trial court erred by including a writ of possession in its judgment. This argument is without merit.

Defendant argues that Rule 62 of the North Carolina Rules of Civil Procedure prevents the issuance of an execution in this case. Rule 62(d) provides that "[w]hen an appeal is taken, the appellant may obtain a stay of execution, subject to the exceptions contained in section (a), by proceeding in accordance with and subject to the conditions of...G.S. 1-292." N.C. Gen. Stat. § 1A-1, Rule 62 (1990). Therefore, N.C. Gen. Stat. § 1-292 must be complied with notwithstanding defendant's appeal rights under Rule 62. N.C. Gen. Stat. § 1-292 provides, "[i]f the judgment appealed from directs the sale or delivery of possession of real property, the execution is not stayed unless a bond is executed on the part of the appellant." N.C. Gen. Stat. § 1-292 (1983).

In this case, defendant did not request the setting of a bond nor did he post a bond as required to the effect that during his possession of such property, he would pay the value of the use and occupation of

the property. In sum, the defendant made no attempt to comply with the requirements of N.C. Gen. Stat. § 1-292.

Accordingly, we affirm the trial court's granting of summary judgment for the plaintiff.

Affirmed.

Judge LEWIS concurs.

Judge MARTIN, MARK D. concurs in the result.

Judge MARTIN, Mark D., concurring in the result.

I write separately to emphasize that compliance with 24 C.F.R. § 881.511(c) is best ensured, and the rights of tenants safeguarded, where written notice is sent to the tenant which incorporates all the requisite disclosures. Because the record demonstrates the tenant here received notice concerning termination of his leasehold which substantially complied with the requirements of 24 C.F.R. § 881.511(c), I concur in the result of the majority opinion.