Ford v. Jurgens, 2021 NCBC 7.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | 20 CVS 4896 |

JOHN FORD and CHRISTOPHER
KISGEN, derivatively on behalf of
TRIANGLE REAL ESTATE
INVESTORS ASSOCIATION, INC.,

           Plaintiffs,

v.

CARL ARNOLD JURGENS, JR.;
KATHIE RUSSELL; TRIANGLE
REAL ESTATE INVESTORS
ASSOCIATION (TREIA), LLC; and
TREIA FOUNDATION, INC.,

           Defendants,

v.

TRIANGLE REAL ESTATE
INVESTORS ASSOCIATION, INC.

           Nominal
           Defendant.

**ORDER AND OPINION
ON PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

*Brooks, Pierce, McLendon, Humphrey & Leonard LLP, by Clint S. Morse and Katarina K. Wong, for Plaintiffs John Ford and Christopher Kisgen.*

*Harris Sarratt & Hodges, LLP, by Donald J. Harris and McAngus, Goudelock & Courie, PLLC, by Jeffrey D. Keister, for Defendants Carl Jurgens and Kathie Russell.*

*Wilson Ratledge, PLLC, by Michael Ostrander and Goldberg Segalla, by Thomas M. Buckley and Allegra A. Sinclair, for Nominal Defendant Triangle Real Estate Investors Association, Inc.*

*Wilson Ratledge, PLLC, by Michael Ostrander, for Defendants TREIA Foundation, Inc. and Triangle Real Estate Investors Association, LLC.*

Conrad, Judge.

1. This derivative action arises from the reorganization of a nonprofit corporation called Triangle Real Estate Investors Association, Inc. ("TREIA"). Plaintiffs John Ford and Chris Kisgen are members and former directors of TREIA. They accuse two other directors, Carl Jurgens and Kathie Russell, of misleading the board and membership about the nature of the reorganization. Pending are related motions by Ford and Kisgen for partial summary judgment and for leave to supplement the record. (*See* Mot. Partial Summ. J., ECF No. 55; Mot. for Leave to File Additional Member Affirmations, ECF No. 63.)

2. A brief background will suffice. In 2018, TREIA's board and members approved a plan to dissolve the corporation and divide its operations into new for-profit and nonprofit arms. (*See, e.g.*, Aff. Russell Ex. A, ECF No. 9.2.) A year later, the board and members were given the chance to rescind the plan but voted against doing so. (*See, e.g.*, Aff. Russell Ex. C, ECF No. 9.4; Am. Compl. Ex. 7, ECF No. 11.7.) Shortly after the latter vote, Russell informed TREIA's board that she and Jurgens would be the initial equity members of the for-profit entity ("TREIA, LLC"). (*See* Am. Compl. Ex. 8, ECF No. 11.8.) Ford and Kisgen expressed surprise and objected to being left out. (*See* Am. Compl. Ex. 9, ECF No. 11.9.) Their attempt to reverse the reorganization fizzled. (*See, e.g.*, Aff. Russell ¶ 54, ECF No. 9.) TREIA was dissolved (though the dissolution has since been revoked), its assets were split between TREIA, LLC and a new nonprofit entity, and the board removed Ford and Kisgen as directors. (*See, e.g.*, Aff. Russell ¶ 67; Aff. Millon ¶ 11, ECF No. 31.1.) Ford

and Kisgen then filed this suit, naming Jurgens, Russell, and all three entities as defendants.

3. Discovery is ongoing. Even so, Ford and Kisgen contend that they are entitled to summary judgment on their third claim for relief. This claim seeks a declaration that TREIA's reorganization is void (thus requiring restoration of its assets) and a court-ordered membership meeting under N.C.G.S. § 55A-1-60. (*See* Am. Compl. ¶¶ 102–16, ECF No. 11.) After full briefing and a hearing on January 28, 2021, the motion is now ripe.

4. Ford and Kisgen have the usual burden to demonstrate "the absence of a genuine issue of material fact." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citation omitted). And because they seek offensive summary judgment on their own claim, they must show "that there are no gaps in [their] proof, that no inferences inconsistent with [their] recovery arise from the evidence, and that there is no standard that must be applied to the facts by the jury." *Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, 721, 329 S.E.2d 728, 729 (1985). The Court views the evidence "in the light most favorable to" Defendants, taking their evidence as true and drawing inferences in their favor. *Furr v. K-Mart Corp.*, 142 N.C. App. 325, 327, 543 S.E.2d 166, 168 (2001) (citations and quotation marks omitted).

5. First, Ford and Kisgen seek a declaration voiding TREIA's reorganization on the ground that it was a conflict-of-interest transaction. "A conflict of interest transaction is a transaction with the corporation in which a director of the corporation

has a direct or indirect interest." N.C.G.S. § 55A-8-31(a). By statute, a transaction is not voidable "solely because of the director's interest" if the board approved or ratified it with knowledge of the material facts, if the members approved or ratified it with knowledge of the material facts, or if it was fair to the corporation. *See id.*

6. According to Ford and Kisgen, the reorganization directly benefitted Jurgens and Russell as the sole equity members of TREIA, LLC. As alleged in the amended complaint, "the fact that [Jurgens and Russell] intended to be the sole owners of the for-profit LLC is a material fact that should have been disclosed to the membership and to the Board." (Am. Compl. ¶ 110.) In their motion, Ford and Kisgen argue that Jurgens and Russell "failed to disclose anything concerning the new LLC's ownership or governance." (Br. in Supp. 7, ECF No. 56.)

7. Viewed in a light most favorable to Defendants, the evidence suggests that Jurgens and Russell did not intend to become the sole equity members of TREIA, LLC. Russell expressly denies it. (*See* Aff. Russell ¶ 33.) And there is evidence that other board members were offered equity membership but declined. (*See, e.g.*, Aff. Russell ¶¶ 35, 36; Aff. Richards ¶ 9, ECF No. 31.2; Aff. Ortiz ¶ 11, ECF No. 31.3; Aff. Curley ¶ 10, ECF No. 31.4.)

8. Defendants also point to evidence that the board, including Ford and Kisgen, ratified the reorganization with knowledge of the material facts, including the identity of TREIA, LLC's owners and its governance structure. (*See, e.g.*, Aff. Millon ¶¶ 11, 13; Aff. Richards ¶¶ 12, 14; Aff. Ortiz ¶¶ 14, 16; Aff. Curley ¶¶ 13, 15.) In their reply brief, Ford and Kisgen argue that what the board knew is irrelevant because it

did not have the power, under N.C.G.S. § 55A-14-02, to ratify the plan of dissolution without member approval. (*See* Reply Br. 4, ECF No. 58.) But that statute requires approval only "[b]y the members entitled to vote" on dissolution, "if any." N.C.G.S. § 55A-14-02(a)(2). Ford and Kisgen cite no evidence to show whether any members were entitled to vote on the plan of dissolution.

9. In any event, the evidence concerning the fairness of the transaction is also in conflict. Some evidence, for example, supports the view that the reorganization enhanced the services available to TREIA's general membership. (*See, e.g.*, Aff. Millon ¶ 14; Aff. Curley ¶¶ 3, 17.) Other evidence also suggests that TREIA, LLC and its sister nonprofit entity preserved TREIA's assets for the benefit of the membership. An advisory board oversees TREIA, LLC for that purpose. (*See, e.g.*, Aff. Russell ¶¶ 32, 34; Aff. Richards ¶ 8; Aff. Ortiz ¶ 10.) A different group, which does not include Jurgens and Russell, oversees the nonprofit. (*See, e.g.*, Aff. Curley ¶ 17.) Finally, it bears noting that there is no evidence that Jurgens and Russell took funds for their own personal use.

10. Thus, assuming the reorganization qualifies as a conflict-of-interest transaction, there are genuine issues of material fact about the circumstances related to its approval and ratification and about its fairness to the corporation. Summary judgment is not appropriate.

11. Second, Ford and Kisgen seek a court-ordered membership meeting under N.C.G.S. § 55A-1-60. (*See* Br. in Supp. 8–9.) This statute allows a court to order a meeting only when "it is impracticable for [the] corporation to call or conduct a

meeting . . . in the manner prescribed by its articles of incorporation, bylaws, or" statute. N.C.G.S. § 55A-1-60(a). Ford and Kisgen argue that TREIA has wrongly refused to call a meeting requested by the members. But they have not shown that it is impracticable—the word is absent from their briefs—for TREIA to call or conduct the meeting.

12. Furthermore, the facts concerning TREIA's refusal to call a meeting are unsettled. TREIA's bylaws require a special member meeting "upon written request from not less than . . . fifteen percent (15%) of the [m]embers in good standing." (Bylaws Art. V § 2, ECF No. 11.13.) Although Ford and Kisgen have gathered meeting requests from over two hundred individuals, they have not shown how many members TREIA has. In addition, some requests are duplicative or undated, and there is evidence suggesting that more than a few were submitted by nonmembers. (*See, e.g.*, Reply Br. Ex. 1, ECF No. 58.1; Affirmation of Curley ¶ 4, ECF No. 46.) Just before the hearing, Ford and Kisgen moved to file roughly twenty more affirmations, but this new evidence, if allowed, would not cure these deficiencies. (*See* ECF No. 63.) With or without the supplemental evidence, they have not carried their burden, in seeking offensive summary judgment, to show that "there are no gaps in [their] proof." *Parks Chevrolet*, 74 N.C. App. at 721, 329 S.E.2d at 729.

13. As Defendants note in their opposition brief, a different statute authorizes a court-ordered meeting without a showing that it is impracticable for the corporation to call or conduct the meeting. *See* N.C.G.S. § 55A-7-03 (permitting court-ordered

meeting based on member demand). Ford and Kisgen have neither invoked that remedy nor shown that they are entitled to it.

14. For these reasons, the Court **DENIES** the motion for partial summary judgment. The Court also, in its discretion, **DENIES** the motion for leave to file additional affirmations.

**SO ORDERED**, this the 2nd day of February, 2021.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases